IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plainitff,

v.                                                    Civ. No. 09-01201 JAP/KBM

COPAR PUMICE COMPANY, INC.,
KELLY ARMSTRONG, RICHARD P. COOK,
SHIRLEY A. COOK, and DEBBIE CANTRUP,

    Defendants.

## ORDER FOLLOWING HEARING

THIS MATTER comes before the Court on the United States' Motion to Compel Defendants' Discovery Responses [Doc. 55]. The Court held a hearing on October 26, 2011 at 10:30 a.m. to discuss the contested discovery matters. The hearing was recessed at 12:00 p.m. with the following understandings of the Court and the parties:

    1.    With regard to the 1,174 documents produced in an administrative matter and stamped "Confidential," the parties will meet and confer in good faith to see if certain of those documents may be produced without a confidentiality order and others which may justify production only pursuant to a confidentiality order. If the parties cannot agree, they will notify the Court and a briefing schedule will be set for Defendants' oral Motion for Protective Order.

    2.    The Court found that information prior to the parties' settlement in April 2002 need not be produced as it is not relevant to the "wilfulness" of any alleged trespass after April 3, 2006, which is the starting date for recoverable damages in this lawsuit. As to the request for production of communications with attorneys in seeking legal advice on specified subjects, the request seeks evidence relevant to Defendants' defense of good faith reliance on the advice of counsel. As such,

Defendants have waived the privilege and must produce those limited communications from April, 2002 to the present.

3.      The parties agreed to meet and confer in good faith concerning the discovery requests and the responses. If there remain areas of contention, the parties will notify the Court with the specific discovery requests at issue and the objections thereto. The Court will then set a hearing date.

4.      The Court advised counsel for Defendants that all discovery responses must be verified under oath and that counsel should advise his clients of the importance of the verification and the duty to supplement discovery responses consistent with the Federal Rules of Civil Procedure. The Court advised the attorneys to caution their clients that the are obligated to adhere to the federal and local rules of procedure and orders of the Court, Counsel acknowledged that even the most severe sanctions could be imposed for parties' failure to do so.

IT IS THEREFORE ORDERED that United States' Motion to Compel Defendants' Discovery Responses [Doc. 55] is granted in part as stated herein and held in abeyance in part until contacted by the parties as to their resolution of the outstanding issues.

IT IS SO ORDERED.

_____
Karen B. Molzen
United States Chief Magistrate Judge