IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                          CIV 09-1201 JAP/KBM

COPAR PUMICE COMPANY, INC.,
KELLY ARMSTRONG, RICHARD P. COOK,
SHIRLEY A. COOK, and DEBBIE CANTRUP

        Defendants.

# ORDER DENYING MOTION FOR EXTENSION TO FILE MOTION TO COMPEL *(Doc. 98)*

THIS MATTER is before the Court on Defendants' Motion for Extension of Time to File Motion to Compel *(Doc. 98)*.  The Court has reviewed the briefs, including the Plaintiff's Surreply authorized by my Order of March 2, 2012, the relevant authorities, and all submissions by the parties.  Because Defendants do not demonstrate excusable neglect in failing to meet the deadlines imposed by the Court, the motion will be denied.

On November 8, 2011, Defendants served Plaintiff with requests for production of documents relating to certain other pumice mines – South Pit, Boone Duran and Guaje – which are not the subject of litigation here.  Defendants timely objected to production on grounds that such information was not calculated to lead to relevant evidence.  Written discussions between counsel then began.  Counsel for Defendants argued that the information was relevant on to two points:  (1)  showing that pumice greater than 3/4" in diameter is considered "locatable" simply based on its size and independent of its end use; and (2) as to damages if royalties are not paid on

pumice of that size at the other mines.

Clearly, the first contention for relevance is without merit.  Judge Johnson expressly upheld forest service regulations requiring end use in the "laundry industry" for determining the locatability of pumice.  *See Copar Pumice Co. v. Bosworth*, 502 F. Supp.2d 1200, 1219 (D.N.M. 2007).  Thus, Defendants seek to raise again the argument they have already lost.  As to the second basis for production, I will assume that Defendants have arguably demonstrated the relevance of the operations of the other mines in calculating the damages here for alleged conversion of greater than 3/4" pumice that did not qualify as locatable.  Nevertheless, as seen below, Defendants failed to timely file a motion to compel the information sought in Requests Nos. 25, 26 and 27 of Copar's Second Request for Production of Documents.

As Plaintiff states in its Surreply,

> Defendants do not dispute:
>
> 1) That the motion to compel that Defendants filed on February 17, 2012 (Doc. 110) was due on December 29, 2011;
>
> 2) That Defendants did not seek the United States' position on an extension of this original deadline until January 14, 2012, more than two weeks after this deadline had expired;
>
> 3) That, even after the United States agreed to an extension of the missed December 29, 2011 deadline to January 31, 2012, Defendants failed to seek or obtain leave from the Court for this post-deadline extension;
>
> 4) That Defendants did not request to further extend the January 31, 2012 deadline that the United States had agreed to until after that date also had passed; and
>
> 5) That, prior to filing their February 3, 2012 motion for an extension, Doc. 98, Defendants never provided the United States with any reason for needing a second extension.

2

*Doc. 134* at 2. With those undisputed facts in mind, Rule 6(b)(1)(B) of the Federal Rules of Civil

Procedure requires not only "good cause" for granting an extension but a showing of "excusable

neglect" for failure to request an extension from the Court before the deadline expired.

> On the issue of "good cause" for the extension, Defendants maintain that

> > Defendants required additional time in order to locate and review documents already produced by the U.S. to show that the value of pumice from other mines is relevant, including as to the issue of damages. Defendants undertook such a review and located several documents which show that the value of pumice from other mines is relevant to the amount of the U.S.' alleged damages against defendants herein. *See eg. Valuation Report* attached to Defendants' Motion to Compel as Ex. 2, Doc. 110.

*Doc. 118* at 1. Unfortunately, Defendants had failed to actually file the referenced Exhibit 2. I

therefore required Defendants to file the referenced attachments, *see Court's Text Entry Order* of

March 2, 2012, which they did on March 5, 2012, *see Doc. 133*. These exhibits – the Valuation

Report *(Doc. 133-1)* and Royalty Statement for South Pit Mine *(Doc. 133-2)* – do seem to reflect

reduced royalty payments for the other mines because removed locatable pumice is excluded

from the royalty calculation. *See Doc.133-2* at 1-3.

> Yet even if obtaining and reviewing these documents establish good cause for granting an

extension, they do not establish "excusable neglect" justifying a ***post***-deadline request for

extension. The royalty statement exhibits are on Defendant Copar's letterhead and were

obviously in Defendants' possession since January 2006. And, Defendants had obtained the

Valuation Report on January 27, 2012, four days before the expiration of the already-extended

deadline for filing a motion to compel. *See Doc. 134-1*. In short, Defendants simply chose to

disregard the deadline to their detriment.

Wherefore,

**IT IS HEREBY ORDERED** that Defendants' Motion for Extension of Time to File Motion to Compel *(Doc. 98)* is **denied**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Compel *(Doc. 110)* is **denied as untimely**, and Plaintiff's Motion for Extension of Time to Respond to *Doc. 110* is **denied as moot**.

UNITED STATES CHIEF MAGISTRATE JUDGE