IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                      CIV 09-1201 JAP/KBM

COPAR PUMICE COMPANY, INC.,
KELLY ARMSTRONG, RICHARD P. COOK,
SHIRLEY A. COOK, and DEBBIE CANTRUP,

        Defendants.

## ORDER ON UNRESOLVED DISCOVERY ISSUES

THIS MATTER is before the Court on continuing unresolved discovery issues, as set forth in the *Government's Notice of Unresolved Discovery Issues (Doc. 168)*. These matters come also before me in follow-up to my *Order on Pending Discovery Issues (Doc. 167)*, filed April 23, 2012.

**I.**     **Requests for Production Nos. 27-31**

Previously, Defendants agreed to be bound by the responses of Defendants Richard P. Cook, Shirley A. Cook, and Debbie Cantrup, each of whom have said that they have no responsive documents. *See Doc. 167* at 1-2. To the extent these responses indicate they are "subject to the general objections," the Court has already overruled these objections. *See id.* at 2. The remaining issue for the Court's ruling is the adequacy of Defendant Kelly Armstrong's responses, particularly considering the volume ("a garage full," according to counsel for Defendants) of potentially responsive documents. The parties have attempted to reach an agreement as to a limited scope of Defendant Armstrong's responses, to no avail. *See Docs. 168,*

*169, 170.*

Given that Defendants have only objected concerning RFP No. 31, I will order Defendant Armstrong to fully respond to RFP Nos. 27-30.  Request for Production No. 31 will be limited as suggested by the Government, and Defendant Armstrong will be required to produce the following documents:

(1)   All that mention, discuss, or relate to Copar or any of its employees;

(2)   All that mention, discuss, or relate to any transaction in which Copar or any of its employees, owners, officers, or directors were involved, irrespective of whether any money exchanged hands;

(3)   All that show the role each Defendant had within the entity, including as employee, owner, officer, or director; and

(4)   All that show any payments or good or services provided to any Defendant who has not been listed in response to Interrogatory No. 4 as an owner, officer, or director of the entity.

B.    Claimants' Personal Financial Information

Despite counsel's representations regarding possible compromise as to RFP Nos. 36-38 at the Court's April 19, 2012 hearing, the parties have been unable to agree.  I will therefore order Defendants to respond to RFP Nos. 36-38, as limited by the Government.  That is, Defendants must fully respond to RFP Nos. 36-38, including all documents referencing property with a value exceeding $10,000.

**II.    Discovery Concerning Crushing of Pumice, Sale of Pumice Outside the Laundry Industry, and Removal and Sale of Undersized Pumice.**

The Government points out that the Court misunderstood its position on the pumice-related discovery at the April 19, 2012 hearing.  In addition to complete responses from

Defendant Kelly Armstrong on these discovery requests (i.e., Interrogatory Nos. 14-18), the Government also seeks complete responses from Defendant Richard Cook.  Likewise, the Government wants complete responses from Defendant Copar to Interrogatory Nos. 13-18 and 26-28.

The Court finds that the Government's pumice-related discovery lies at the heart of this case, and I will therefore order Defendants Copar and Richard Cook, in addition to Defendant Armstrong, to fully respond to these interrogatories.

### III.    RFP No. 26

The parties have likewise failed to reach an agreement regarding RFP No. 26, which seeks documents related to any free goods or services traded or exchanged among the Defendants.  The Court will overrule Defendants' objection on grounds of burden and order a complete response with the following limitations: (1) Richard Cook and Shirley Cook, husband and wife, need not disclose goods and services exchanged between them; and (2) responses of Richard Cook, Shirley Cook, Kelly Armstrong, and Debbie Cantrup ("the Individual Defendants") shall be limited to any goods or services exchanged, the total of which in any one year exceeds the Federal Gift Tax Annual Exclusion for that year.

Wherefore,

**IT IS HEREBY ORDERED** that the Government's First Motion to Compel [Doc. 55], Second Motion to Compel [Doc. 86], and Motion to Enforce [Doc. 74] are granted as set forth above.  Defendants' responses are due no later than Monday, May 14, 2012.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE