IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                        CIV 09-1201 JAP/KBM

COPAR PUMICE CO., INC., et al.,

        Defendant.

# ORDER

THIS MATTER is before the Court on Defendants' Emergency Motion for Stay of Order on Pending Discovery Issues *(Doc. 171)* and Defendants' Emergency Motion for Stay of Order on Unresolved Discovery Issues *(Doc. 174)*, as well as discovery matters raised in the parties' recent letters to the Court *(Docs. 184-186)*. I find the motions are not well taken and will be denied. The issues raised in the parties' correspondence will be addressed herein.

**I.    LEGAL STANDARD**

Local Rule 37.3 provides that "[a] party's duty to comply with a discovery order is not stayed by filing an appeal from or objection to the order, unless otherwise ordered." D.N.M.LR-Civ. 37.3. The Honorable Juan G. Burciaga of this District cautioned against such stays, noting that they would give losing litigants "an artificial incentive to object" and also erode the magistrate's decision-making ability, reducing judicial efficiency. *See Williams v. Texaco, Inc.*, 165 B.R. 662, 673 (D.N.M. 1994) (quoting 7 James Wm. Moore et al., Moore's Federal Practice ¶ 72.03 (2d ed. 1991)).

Factors relevant to the Court's consideration whether to issue a stay include: (1) the likelihood that Defendants will succeed on appeal and (2) any risk of irreparable harm if the stay is denied. *See Granato v. City and Cnty. of Denver*, No. 11-CV-0-304, 2011 WL 1335854, at *2 (D. Colo. Apr. 7, 2011); *Adams v. Gateway, Inc.*, No. 05-CV-00177, 2004 WL 733990, at *2 (D. Utah Jan. 5, 2004).

## II.     ANALYSIS

### A.     Motions to Stay

Initially, I find there is no serious issue about the propriety of my earlier rulings. The Individual Defendants' income tax records returns from 2002-present are calculated to lead to relevant evidence in the present case for a number of reasons. Not only does the Government assert an unjust enrichment claim, but it is also entitled to test the veracity of these Defendants' claims that despite their ownership interests in Copar, their entitlement to 8% in royalties from Copar's pumice sales, and their 2002 settlement with the United States for $3.9 million, they have received nothing of value from Copar, other than Defendant Armstrong's salary. Similarly, as owners of Copar, the Individual Defendants could potentially be found liable for Copar's alleged trespass and conversion.

Even if the Individual Defendants' tax returns are ultimately determined to be irrelevant, Defendants fail to demonstrate that the production of their tax returns will cause them irreparable injury. Defendants allege that production of their tax returns "would defeat the policy interests which disfavor the production of tax returns and would result in the disclosure of totally irrelevant information." *Doc. 171* at 5-6. This generalized argument of "irreparable injury" would apply to *any* case where tax returns were sought during the discovery process. Clearly, disclosure of potentially irrelevant information does not in necessarily constitute irreparable

injury.  Moreover, any risk of harm from the disclosure of confidential information is mitigated if not extinguished because the parties have agreed that the tax returns would be produced subject to a confidentiality order, preventing access by third parties.

      **B.**     **Individual Defendants' Additional Personal Financial Information Will Be Limited to Financial Statements**

Beyond tax returns, the Government has requested other documents concerning the Individual Defendants' financial dealings.  Request for Production ("RFP") Nos. 36-38 seek documents concerning their real estate, bank accounts, trusts, stocks, bonds, and other properties as well as documents concerning any claims they might have against third parties and assets they have owned.  Recognizing the breadth and potential burden of these requests, the Court contemplated limiting the scope of these requests at the April 19, 2012 hearing.  However, counsel for both parties indicated they were attempting to work out a compromise, so the Court allowed them additional time.

The Government subsequently offered to limit RFP Nos. 36-38 to assets and/or property with a value exceeding $10,000.  *See Doc. 169* at 1.  Defendants rejected this offer, stating, "defendants still fail to see any relevance of the requests 26, 36, 37 and 38 which remain overbroad, oppressive and intrusive."  *See Doc. 169-1* at 1.  Defendants further failed to offer to any alternative or otherwise continue negotiations, stating, "Thank you for the offer, but it is unacceptable."  *Id.*  As a result, the Court issued its Order on Unresolved Discovery Issues (Doc. 172), requiring Defendants to respond to RFP Nos. 36-38 with "all documents referencing property with a value exceeding $10,000."  *See Doc. 172* at 2.

Despite their refusal to offer some alternative in negotiations with the Government, Defendants now request that the Court revisit its Order and further limit the required response to

3

RFP Nos. 36-38.  The Court will therefore require Defendants to provide annual financial statements from 2002-2011 identifying all assets and liabilities exceeding a value of $10,000.

With respect to each entry, Defendants must provide a description sufficient to identify the asset or liability (e.g., account number, VIN number, etc.) and describe the method used to value it (e.g., market value, purchase price, etc.).  Each entry must also include a valuation; it is not sufficient to state simply that it exceeds $10,000.  Defendants will also indicate the date on which the asset/liability was acquired and the person or other source from whom it was obtained.  The entries shall not be limited to assets and/or liabilities related to Copar.  The Court anticipates that further questions may arise as the Defendants complete the financial statements, and the parties are strongly encouraged to work together to reach an agreement without further intervention by the Court.

    C.    **RFP No. 31**

The Government's RFP No. 31 seeks documents concerning the relationship between Defendants and any of the business entities in which they have owned controlled, managed, or been employed by from 2002-present.  The parties have agreed that Defendants Armstrong and Richard Cook are the only Defendants with potentially responsive documents.  Defendants Armstrong and Richard Cook are therefore ordered to provide the following prefatory information:

(1) Identify each entity in which any of the Individual Defendants have (in whole or in part) owned, controlled, managed, or been employed by since 2002;

(2) Describe the purpose and business activities of each such entity; and

(3) Provide a list of each entity's directors and officers.

I will also modify my prior Order on Unresolved Discovery Issues (Doc. 172) as follows,

requiring Defendants Armstrong and Richard Cook to further produce the following documents as to those entities:

(1) Those that mention, discuss, or relate to Copar;

(2) Those that mention, discuss, or relate to any financial transaction in which Copar or any of its owners, officers, or directors were involved;

(3) Those that show the role of each Individual Defendant within the entity, including as employee, owner, officer, or director; and

(4) Those that show any payments, goods, or services provided to any Individual Defendant not listed in response to Interrogatory No. 4 as an owner, officer, or director of the entity.

### D. Pumice-Related Discovery

In response to Defendants' reported confusion, the Court has reviewed a rough transcript from the April 19, 2012 hearing. Although I am satisfied that the previous Order (Doc. 172) accurately reflects my oral ruling, I will restate and clarify it here in the interest of avoiding any confusion.

Defendants Richard Cook and Kelly Armstrong must each supplement their prior responses to Interrogatory Nos. 13-18, and Copar must supplement its prior responses to Interrogatory Nos. 13-18.

Wherefore,

**IT IS HEREBY ORDERED** that Defendants' Emergency Motions to Stay (Docs. 171 & 174) are DENIED, and Defendants are required to supplement their discovery responses as detailed above.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE