## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**THE UNITED STATES OF AMERICA,**

     **Plaintiff,**

**vs.**                                         **Civ. No.  09-1201 JAP/KBM**

**COPAR PUMICE COMPANY, INC.,**
**KELLY ARMSTONG, RICHARD P. COOK,**
**SHIRLEY A. COOK, and DEBBIE CANTRUP,**

     **Defendants.**

### MEMORANDUM OPINION AND ORDER OVERRULING OBJECTIONS TO MAGISTRATE'S APRIL 23, 2012 ORDER [DOC. 167] – MOTION TO QUASH SUBPOENAS AND ATTORNEY CLIENT PRIVILEGE (Doc. No. 179)

Defendants ask the Court to set aside Chief Magistrate Judge Molzen's April 23, 2012

ORDER ON PENDING DISCOVERY ISSUES (Doc. No. 167) (April 23, 2012 Order).  In the

Order, Magistrate Judge Molzen denied Defendants' MOTION TO QUASH SUBPOENAS

AND MODIFY OR CLARIFY ORDER (Doc. No. 112) (Motion to Quash) and DEFENDANTS'

MOTION FOR PROTECTIVE ORDER (Doc. No. 132) (Motion for Protective Order).[1]

Defendants object to Magistrate Judge Molzen's ruling that Defendants must produce

information and documents concerning "all legal advice provided to Defendants regarding the

legality of the mining, transportation, processing, marketing, trade, gifts or sale of pumice from

---

[1] In ruling on the OBJECTIONS TO MAGISTRATE'S APRIL 23, 2012 ORDER [DOC. 167] – MOTION TO QUASH SUBPOENAS AND ATTORNEY CLIENT PRIVILEGE (Doc. No. 179) (Objections) the Court has also considered THE UNITED STATES' RESPONSE TO DEFENDANTS' MAY 4, 2012 OBJECTIONS TO THE CHIEF MAGISTRATE JUDGE'S APRIL 23, 2012 DISCOVERY ORDER [DOC. 179] (Doc. No. 196) (Response); and DEFENDANTS' REPLY IN SUPPORT OF OBJECTIONS TO APRIL 23, 2012 ORDER [DOC. 167] (Motion to Quash Subpoenas and Attorney-Client Privilege) (Doc. No. 216).

the Brown Placer Mining Claims 9-12." (April 23, 2012 Order at 9.)  Magistrate Judge Molzen

ordered the production of the information and  documents because she found that Defendants

"affirmatively asserted the affirmative defense of good-faith reliance upon the advice of

counsel., . . . they have described their counsel's advice (i.e., that Defendants' actions were

within the letter of the law) and asserted reliance thereon." (*Id.*)  Magistrate Judge Molzen

reasoned that "whether federal law or New Mexico law is applied, Defendants have waived the

attorney-client privilege . . ." as to this information.  Under Fed. R. Civ. P. 72(a) and 28 U.S.C. §

636(b), the Court finds no factual or legal error in the April 23, 2012 Order.  Thus, the Court will

overrule the Objections.

   I.  Background

   This lawsuit involves Copar Pumice Company, Inc.'s operation of El Cajete Mine,[2]

located in the Jemez Ranger District in the Santa Fe National Forest.  Defendants Kelly

Armstrong, Richard P. Cook, Shirley A. Cook, and Debbie Cantrup own the Brown Pacer

Mining Claims 9-12 and leased the mining rights to Copar Pumice Company, Inc. (Copar) in

September 1988.  Copar is a closely held corporation owned by Defendant Richard Cook's three

daughters: Defendant Debbie Cantrup, Defendant Kelly Armstrong and Katherine Fishman, not

a party in this case.  In 1997, the Santa Fe National Forest approved a Plan of Operations for a

term of ten years allowing Copar to mine and remove locatable pumice from Claims 9-12.  This

mining operation became known as El Cajete Mine.

   In the Amended Complaint (Doc. No. 22), the United States alleges that "Defendants

---

   [2] El Cajete Mine was an open pit pumice mine and pumice screening plant. *See Copar Pumice Co., Inc. v. Bosworth*, 502 F. Supp. 2d 1200, 1203 (D. N.M. 2007) (upholding administrative decision that affirmed notice of noncompliance issued by Forest Service to Copar regarding its operation of El Cajete Mine).

were authorized to extract and remove only locatable pumice from [El Cajete Mine] for sale to the stonewash laundry industry."[3]  Amended Complaint at ¶ 49.  The United States alleges that Defendants were prohibited from extracting "common variety" pumice from El Cajete Mine under federal mining laws, including the Jemez National Recreation Area Act of 1993 (JNRAA), and under a 2002 Settlement Agreement between the United States and Copar.[4]  *Id*. at ¶ 50.  The United States contends that from April 2002 through February 2009 Defendants unlawfully removed pumice for common variety purposes from El Cajete Mine.  Specifically, the United States claims that 1) Defendants unlawfully trespassed on federal land to extract and mine pumice for common variety purposes; 2) Defendants unlawfully converted federal property by extracting and removing pumice for common variety purposes; and 3) Defendants were unjustly enriched from the illegal mining and sale of common variety pumice.[5]  The United States asks for a declaratory judgment, compensatory damages, and permanent injunctive relief.  In a MEMORANDUM OPINION AND ORDER (Doc. No. 43), the Court granted partial summary judgment in favor of Defendants holding that the United States is precluded from asserting the

---

[3] In 1994, the Department of the Interior (DOI)  determined that Claims 9-12 of the Brown Placer Mining Claims were validly located for stonewash pumice. The DOI further determined that the pumice from Claims 9-12 was locatable for the stonewash laundry industry only if the pumice was 3/4 of an inch or larger (+3/4" pumice).

[4] The Environmental Impact Statement, issued as part of the Plan of Operation required Copar to stockpile common variety pumice and use it for reclamation of the area. Pumice measuring greater than 3/4" in diameter, or "locatable pumice" was sent out for processing at Copar's plants in San Ysidro and Espanola.

[5] The United States contends that Defendants violated several statutes and regulations: 1) the National Forest Organic Administration Act of 1897, 16 U.S.C. § 551; 2) the Surface Resources Act of 1955 (as amended), 30 U.S.C. §§ 611 et seq.; 3) the Common Varieties Act of 1947 (as amended), 30 U.S.C. §§ 601 et seq.; 4) the General Mining Law of 1872, 30 U.S.C. §§ 21-54; 5) the JNRAA, 16 U.S.C. §§ 460jjj et seq.; and 6) Forest Service regulations, 36 C.F.R. 228, Subpart C. (Amended Compl. ¶ 3.)

trespass, conversion, and unjust enrichment claims against Defendants for any mining activity prior to April 3, 2006.

In DEFENDANT COPAR PUMICE COMPANY'S ANSWER TO AMENDED COMPLAINT (Doc. No. 33), Copar asserted, *inter alia*, 1) that the removal of uncommon variety pumice and block pumice[6] was authorized under federal mining laws, the JNRAA and the Settlement Agreement; 2) that its actions were under valid mining claims; 3) that the United States' claims are barred because Copar had the legal right to mine the claim; and 4) that Copar owned the pumice extracted from the mine. The individual Defendants made the same assertions in their answers. (*See* Doc. Nos. 32, 34.)  In a hearing held on October 26, 2011, Defendants' counsel confirmed that Defendants were relying on the argument that their activities were legal according to their attorneys' advice and that Defendants acted in good faith based on that advice.[7]

On February 11, 2011, the United States served its First Set of Interrogatories and Requests for Production on all Defendants.  Specifically in Interrogatory No. 30 to Copar and in Interrogatory No. 20 to the individual Defendants, the United States asked Defendants to "identify and describe all legal advice provided to Defendants regarding the legality of mining, transportation, processing, marketing, trade, gift and sale of pumice at or taken from Brown Placer Mining Claims 9 to 12."  (Doc. No. 55-1 at 11.)  In Request for Production No. 97, the

---

[6] Pumice with one dimension over 2" is known as "Block Pumice."

[7] THE COURT: So, [Defendants] are taking the position that they relied on an attorney's advice that what they were doing was lawful?

MR. MANGES: Yes.

(Transcript of hearing, Doc. No.   26:   October 26, 2011.)

United States asked each Defendant to produce "documents concerning legal advice produced to you regarding the legality of mining, transportation, processing, marketing, trade, gift, or sale of pumice at or taken from Brown Placer Mining Claims 9-12." (Doc. No. 55-1 at 33.) Defendants objected to these requests stating the information and documents were privileged. Defendants later supplemented their responses by stating that Copar's "good-faith position with respect to its rights to extract pumice from the claims is well know[n] and documented to the government in all of the pleadings, briefs, and memorandum filed in *Copar Pumice Inc. v. Bosworth,* USDC No. CIV-6-0097 and before the United States Court of Appeals for the Tenth Circuit in *Copar Pumice Co. Inc. v. Bosworth et al.,* Cause No. 07-2211, and reference is made thereto." (Doc. No. 55-6 at 4.)

In July 2011, Defendants provided supplemental discovery responses, again asserting attorney-client privilege. On July 27, 2011, the United States filed a motion to compel (Doc. No. 55). In an order issued on October 26, 2011, Magistrate Judge Molzen held that by asserting a defense of "good faith reliance on the advice of counsel," Defendants had waived their claim of attorney-client privilege "with respect to advice received from counsel concerning activities from April 2002 to the present." (Doc. No. 74 at 2.). Defendants did not object to the October 26, 2011 ruling, but Defendants did not produce the information and documents. In the April 23, 2012 Order, Magistrate Judge Molzen reiterated her ruling from October 26, 2011 and denied Defendants' Motion to Quash[8] and Defendants' Motion for Protective Order both raising the attorney-client privilege. Defendants have waived objections to the October 26, 2011 order;

---

[8]After a series of discovery disputes, motions to compel and motions for protective orders, on February 8, 2012, the United States served subpoenas on Defendants' attorneys– for all documents in which the attorneys provided legal advice to Copar regarding whether Copar's mining activities at El Cajete Mine complied with Forest Service's requirements.

however, the Court will consider the Objections (Doc. No. 179) as they relate to holdings

reiterated in the April 23, 2012 Order.  *See* 28 U.S.C. § 636(b)(1) (requiring objections to rulings

by Magistrate Judges to be filed within 14 days of decision).

      Defendants admit that they have asserted the defense of good faith reliance on the advice

of counsel, but Defendants argue that the parameters of their defense are much narrower.  Thus,

Defendants argue that the Court's ruling in the April 23, 2012 Order allows discovery that is too

broad in scope.  *See, e.g.,* Motion to Quash (". . . defendants intend to raise the good faith

reliance on attorney's advice in this case with respect to one specific and limited issue, namely,

**whether the Forest Service could lawfully restrict the "end use" of locatable pumice solely**

**to the laundry industry**.") (emphasis added); Motion for Protective Order ("Copar intends to

raise a 'good faith reliance on advice of counsel' defense in this litigation as to a single basic

issue: **Copar's title to the locatable pumice mined from the El Cajete mine and, in**

**particular, as to the legality of the Forest Service's restrictions upon the end use of**

**locatable pumice solely to the laundry industry.**") (emphasis added); and DEFENDANTS'

RESPONSE TO MOTION TO ENFORCE (Doc. No. 147) (". . . the parties are in a dispute over

the scope of the advice of counsel defense and alleged waiver.").

      For a time, Defendants attempted to temporarily withdraw the defense altogether.  *See*

NOTICE OF WITHDRAWAL OF DEFENSE (Doc. No. 135) (stating that Defendants ". . . are

withdrawing their proposed 'good faith reliance on advise [sic] of counsel' defense for all

purposes herein pending the Court's decision regarding defendants' *Motion to Quash Subpoenas*

*and Clarification of Order*.") (italics in original).  Presumably, since Magistrate Judge Molzen

has ruled on their Motion To Quash in the April 23, 2012 Order, the withdrawal is no longer in

force.

Defendants argue that Magistrate Judge Molzen's April 23, 2012 Order is too broad and allows disclosure of privileged information from Copar's attorneys that is irrelevant to this action.  Defendants assert that their defense is limited to good faith reliance only on advice given to Copar that concerned whether the Forest Service can restrict Copar's mining activities according to the eventual end use of the pumice extracted.  However, the United States has consistently requested documents concerning "all legal advice provided to Defendants regarding the legality of the mining, transportation, processing, marketing, trade, gift or sale of pumice at or taken from Brown Placer Mining Claims 9-12."  (Doc. Nos. 55-1 at 11, 55-2 at 15.) Magistrate Judge Molzen ruled that under federal law pertaining to waiver of attorney-client privilege, Defendants have waived their attorney-client privilege as to all legal advice provided to Defendants regarding the legality of the mining, transportation, processing, marketing, trade, gift or sale of pumice at or taken from Brown Placer Mining Claims 9-12.

II. Standard of Review

Fed. R. Civ. P. 72(a) allows a district judge to consider timely objections and modify or set aside any part of magistrate judge's decision on a non-dispositive issue that is clearly erroneous or is contrary to law.  *See* 28 U.S.C. § 636(b)(1)(A). *Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, 1461-62 (10th Cir. 1988) (cited in *Comeau v. Rupp*, 810 F. Supp. 1127, 1167 (D. Kan. 1992)).  "The clearly erroneous standard is intended to give the magistrate a free hand in managing discovery issues."  *Center For Biological Diversity v. Norton*, 336 F. Supp. 2d 1155, 1158 (D. N.M. 2004) (citing, *Harrington v. City of Albuquerque*, 2004 WL 1149494 , *1 (D. N.M. May 11, 2004)).  Under this standard, a district judge can set aside a magistrate judge's ruling only if the district judge has "the definite and firm conviction that a mistake has been committed." *Id.* at 1464 (quoting *United States v. United States Gypsum Co.*,

333 U.S. 364, 395 (1948)).   The Seventh Circuit Court of Appeals has stated that to be clearly

erroneous, a decision must "strike us as more than just maybe or probably wrong; it must . . .

strike us as wrong with the force of a five-week-old, unrefrigerated dead fish."  *Parts & Elec.*

*Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988).  By contrast, the "contrary

to law" standard permits "plenary review as to matters of law." *Sprint Communications Co. L.P.*

*v. Vonage Holdings Corp.*, 500 F. Supp. 2d 1290, 1346 (D. Kan. 2007) (citing 12 Charles Alan

Wright, Arthur R. Miller, Richard L. Cooper, Federal Practice & Procedure, § 3069, at 355 (2d

ed.1997) and *Weekoty v. United States*, 30 F. Supp. 2d 1343, 1344 (D. N.M. 1998) (Hansen, J.)).

III.  Discussion

A.  Defendants' Objections

1.  Choice of Law

Defendants first contend that Magistrate Judge Molzen erred in applying federal law to

determine whether Defendants waived the attorney-client privilege. Defendants maintain that

since the United States has asserted claims based on the state common law of trespass,

conversion, and unjust enrichment, New Mexico law should be applied to this issue.  However,

the Court's jurisdiction over this case is not based on diversity of citizenship.  Instead it is based

on, *inter alia*, the Court's jurisdiction over cases in which the United States is a plaintiff, cases

presenting claims under federal law, and cases presenting related state law claims. *See* 28 U.S.C.

§ 1331 (federal question); § 1345 (United States as plaintiff); and § 1367 (supplemental

jurisdiction over state law claims).   Magistrate Judge Molzen carefully examined Defendants'

argument and determined that under Fed. R. Evid. 501, the federal common law regarding

privilege should be applied in this non-diversity case.

Rule 501 provides,

> The common law--as interpreted by United States courts in the light of reason and experience--governs a claim of privilege unless any of the following provides otherwise:
>
> > • the United States Constitution;
> > • a federal statute; or
> > • rules prescribed by the Supreme Court.
>
> But in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision.

Fed. R. Evid. 501.  Magistrate Judge Molzen also examined the notes recorded from the enactment of Rule 501 and determined that state law supplies the rule in diversity cases.  But for cases in which a federal court's jurisdiction is not based on diversity, federal law should apply:

> In nondiversity jurisdiction civil cases, federal privilege law will generally apply. In those situations where a federal court adopts or incorporates state law to fill intersices or gaps in federal statutory phrases, the court generally will apply federal privilege law.  As Justice Jackson has said:
>
> > [a] federal court sitting in a non-diversity case . . . does not sit as a local tribunal. . . . [I]n the last analysis its decision turns upon the law of the United States, not that of a state.

Fed. R. Evid. 501, 1974 notes (quoting *D'Oench, Duhme & Co. v. FDIC*, 315 U.S. 447, 471 (1942) (Jackson, J.)).  Significantly, the United States' state law claims for trespass, conversion and unjust enrichment implicate important federal issues and require the application of several federal laws governing Copar's mining operations on lands owned by the United States and managed by the Forest Service.  After a *de novo* review of this legal ruling, the Court agrees that federal law governs the determination of whether Defendants waived the attorney-client privilege in this case.

After determining that federal law applies, Magistrate Judge Molzen analyzed which of three approaches applied by other circuit courts would be taken by the Tenth Circuit Court of Appeals, which has not ruled on this issue.  Magistrate Judge Molzen agreed with fellow District

9

of New Mexico Magistrate Judge William P. Lynch that the Tenth Circuit would likely follow

the approach used by a majority of jurisdictions that was first articulated in *Hearn v. Rhay*, 68

F.R.D. 574, 581 (E. D. Wash. 1975).  Under the *Hearn* approach, a court may find that a party

has waived a privilege when three elements are met: (1) the asserting party has placed the

privileged information at issue through some affirmative act; (2) the protected information has

become relevant by this affirmative act; and (3) the opposing party will be denied essential

information to its case if the information is withheld.  *Id.* (cited in *Anchondo v. Anderson,*

*Crenshaw & Assocs., LLC*, 256 F.R.D. 661, 670 (D. N.M. 2009) (Lynch, J.)).

      Magistrate Judge Molzen found that Defendants asserted the defense that Copar's pumice

mining, processing and marketing activities were taken in good faith based on advice of counsel

that these activities were lawful.  By asserting this position, Defendants have made that legal

advice relevant in this case.  And, without access to this information, the United States would be

deprived of information necessary to its claim that Defendants knowingly violated federal

mining law by extracting and selling common variety pumice from El Cajete Mine.  Thus,

Magistrate Judge Molzen properly held that under federal law, Defendants waived their privilege

with regard to legal advice concerning mining operations at El Cajete Mine.

      By contrast, under New Mexico law, a party may waive the attorney-client privilege only

when a party directly invokes the privileged materials.  *Pub. Serv. Co. of New Mexico v. Lyons*,

1998-NMCA-077, ¶¶ 21-22, 10 P.3d 166, 173 (N.M. Ct. App. 2000) (following minority rule

that requires offensive or direct use of privileged materials before the party will be deemed to

have waived its attorney-client privileges.").  Defendants maintain that under the New Mexico

standard, the materials sought by the United States are not discoverable.  However, Magistrate

Judge Molzen considered this argument and found that under either federal or state law, the

materials sought by the United States would have to be produced.  In other words, under either

the federal or state standard, Defendants placed the privileged materials directly at issue by

asserting that their actions were legal under the federal mining laws and that they acted in good

faith based on this legal counsel.  The Court agrees and finds no error in Magistrate Judge

Molzen's ruling.

Defendants argue that their defense is similar to an assertion regarding state of mind, and

as such, is insufficient to constitute a full waiver of the privilege.  *See Lyons, supra,* 1998-

NMCA-077, ¶ 21 (criticizing decisions finding waiver when party places state of mind at issue).

This argument fails because Defendants have specifically argued that their **actions** were lawful

based on specific advice from legal counsel regarding the range of mining activities associated

with El Cajete Mine.  Defendants argue that Copar had a legal right to mine pumice as it did, and

Copar complied with federal law in mining, transporting, processing and selling the pumice

during the relevant time period.  Defendants' state of mind might be implicated in this defense,

but Defendants' actions are the primary focus of the claims and the defenses.   "[A]ttorney-client

communications cannot be used both as a sword and a shield, . . . ." *Motley v. Marathon Oil Co.*,

71 F.3d 1547, 1552 (10th Cir.1995) (footnote omitted).  Defendants may not assert that they had

a legal right to mine, process and sell the pumice under federal law based on advice of counsel

but withhold the basis for that assertion from discovery.  Therefore, Magistrate Judge Molzen

correctly held that under either federal or New Mexico law, Defendants have waived the

privilege regarding legal advice they received on the legality of Copar's mining activities.

2.  Scope of Waiver

Defendants next argue that Magistrate Judge Molzen's Order is too broad in scope.

Magistrate Judge Molzen held that Defendants waived the attorney-client privilege concerning

11

all legal advice given them regarding the legality of "mining, transportation, processing, marketing, trade, gifts or sale of pumice from the El Cajete mine from April 2002 to the present."  Defendants contend that this ruling requires the disclosure of privileged communications that are irrelevant to this case, "such as legal advice given in environmental compliance proceedings, . . . legal advice given in several air quality proceedings held before the New Mexico Environmental Department, and in environmental challenges to the issuance of the permits to mines and in civil rights cases, etc."  (Objections at 2.)  Defendants also contend that they intend to raise the good faith reliance on legal advice with respect to one specific and limited issue: whether the Forest Service could lawfully restrict the "end use" of locatable pumice solely to the laundry industry.

Magistrate Judge Molzen appropriately allowed the discovery of legal advice given to Defendants regarding Copar's pumice mining, transporting, and processing activities on the Brown Pacer Mining Claims 9-12.  Legal advice given in connection with air quality proceedings, environmental challenges to permits, and civil rights matters are not discoverable under the April 23, 2012 Order.  Moreover, in addition to raising the legal issue as to whether the Forest Service had the authority to limit the end use of the pumice extracted, Defendants have generally asserted that they acted in good faith when removing, processing, and marketing the pumice from El Cajete Mine. (Ans. (Doc. No. 33) at ¶¶ 59.) [9]  Allowing the United States to obtain only information and documents containing legal advice on whether federal law can restrict Copar's mining of pumice based on its end use would be too limited in light of

---

[9] *See, e.g.,* Ans. ¶ 6 ("3/4" + pumice which was lawfully removed from the claims . . ."); and ¶ 9 ("Plaintiff's claims are barred because plaintiff has not identified or proven itself to be the owner of the pumice at issue.").

Defendants' assertions.  Defendants contend that all of their activities associated with the

extraction, transport, processing, and sale of pumice were lawful.  The extent to which the Forest

Service can declare federal violations based on the end use of the pumice extracted appears to be

only one part of the Copar's asserted defense.  *See Sedillos v. Board of Educ. of School Dist. No.*

*1 in City and County of Denver*, 313 F. Supp. 2d 1091, 1094 (D. Colo. 2004) (ruling that

defendant's decision to place the advice of counsel in issue resulted in a waiver of the

attorney-client privilege with respect to the subject matter of that advice and that plaintiffs'

inquiry into additional aspects of that advice vital to their case would be allowed).

Defendants next assert that Magistrate Judge Molzen failed to address the United States'

concession that it would not seek documents containing attorney work product prepared in

connection with this litigation.  In the hearing on discovery matters held on April 19, 2012, the

United States reiterated its position that it is not seeking attorney work product from Defendants'

counsel.  In light of this concession, Magistrate Judge Molzen did not need to address it in the

April 23, 2012 Order, and materials constituting attorney work product are protected from

discovery.

Defendants further contend that Magistrate Judge Molzen failed to limit the April 23,

2012 Order to allow the production of information concerning activities from April 2002 to the

present as previous oral rulings indicated.  In a previous discovery order, Magistrate Judge

Molzen clearly set out this time limit:

> The Court found that information prior to the parties' settlement in April 2002 need
> not be produced as it is not relevant to the "wilfulness" of any alleged trespass after April
> 3, 2006, which is the starting date for recoverable damages in this lawsuit. As to the
> request for production of communications with attorneys in seeking legal advice on
> specified subjects, the request seeks evidence relevant to Defendants' defense of good
> faith reliance on the advice of counsel. As such, Defendants have waived the privilege
> and must produce those limited communications from April, 2002 to the present.

ORDER FOLLOWING HEARING (Doc. No. 74) at ¶ 2.  As the parties are fully aware of

Magistrate Judge Molzen's ruling quoted above, it was not necessary for her to repeat it in the

April 23, 2012 Order.[10]

      IT IS ORDERED that Defendants' OBJECTIONS TO MAGISTRATE'S APRIL 23,

2012 ORDER [DOC. 167] – MOTION TO QUASH SUBPOENAS AND ATTORNEY CLIENT

PRIVILEGE (Doc. No. 179) are overruled.

_____

SENIOR UNITED STATED DISTRICT JUDGE

---

[10] The Court notes that the United States also represented that it would not seek documents containing legal advice after the date of the last sale of pumice, which appears to have been in January 2010. Given this admission on the record, Magistrate Judge Molzen did not need to address this time constraint.  (Response (Doc. No. 196) at 10 n. 6.)