**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**THE UNITED STATES OF AMERICA,**

**Plaintiff,**

**vs.** **Civ. No. 09-1201 JAP/KBM**

**COPAR PUMICE COMPANY, INC.,**
**KELLY ARMSTRONG, RICHARD P. COOK,**
**SHIRLEY A. COOK, and DEBBIE CANTRUP,**

**Defendants.**

**MEMORANDUM OPINION AND ORDER OVERRULING OBJECTIONS TO MAGISTRATE'S APRIL 23, 2012 ORDER [DOC. 167]- PERSONAL TAX RETURNS/CONFIDENTIAL BUSINESS INFORMATION (Doc. No. 181)**

In Defendants' OBJECTIONS TO MAGISTRATE'S APRIL 23, 2012 ORDER [DOC. 167]-PERSONAL TAX RETURNS/CONFIDENTIAL BUSINESS INFORMATION (Doc. No. 181) (Objections), Defendants ask the Court to review the ORDER ON PENDING DISCOVERY ISSUES (Doc. No. 167) (the April 23, 2012 Order) entered by Chief Magistrate Judge Karen B. Molzen.[1]

Specifically, Defendants ask the Court to set aside the Order to the extent that it requires the Defendants Kelly Armstrong, Richard Cook, Shirley A. Cook, and Debbie Cantrup (the Individual Defendants) to produce personal federal and state tax returns dating from 2002 to the

[1] In ruling on the Objections, the Court has also considered THE UNITED STATES' RESPONSE TO DEFENDANTS' MAY 7, 2012 OBJECTIONS TO THE CHIEF MAGISTRATE JUDGE'S APRIL 23, 2012 ORDER RE PERSONAL TAX RETURNS/CONFIDENTIAL BUSINESS INFORMATION [DOC. 181] filed on May 24, 2012 (the Response) and DEFENDANTS' REPLY IN SUPPORT OF OBJECTIONS TO MAGISTRATE'S APRIL 23, 2012 ORDER [Doc. 167] (Personal Tax Returns/Confidential Business Information (Doc. No. 217).

present. In addition, Defendants object to Magistrate Judge Molzen's ruling that Defendant Copar Pumice Company, Inc. (Copar) must produce financial information related to its mining activities at El Cajete Mine without a protective confidentiality order. Because Defendants have failed to demonstrate good cause to set aside the April 23, 2012 Order, the Court will overrule the Objections.

I. Background

This lawsuit involves the operation of El Cajete Mine,[2] located in the Jemez Ranger District in the Santa Fe National Forest. Individual Defendants Kelly Armstrong, Richard P. Cook, Shirley A. Cook, and Debbie Cantrup owned the Brown Pacer Mining Claims 9-12 and leased the mining rights to Copar in September 1988. Copar is a closely held corporation owned by Richard Cook's three daughters, Debbie Cantrup, Kelly Armstrong and Katherine Fishman. In 1997, the Santa Fe National Forest approved a Plan of Operations for a term of ten years allowing Copar to mine and remove locatable pumice from Claims 9-12. This mining operation became known as El Cajete Mine.

In the Amended Complaint (Doc. No. 22), the United States alleges that "Defendants were authorized to extract and remove only locatable pumice from [El Cajete Mine] for sale to the stonewash laundry industry." [3] (Amended Compl. ¶ 49.) The United States alleges that

---

[2] El Cajete Mine was an open pit pumice mine and pumice screening plant. *See Copar Pumice Co., Inc. v. Bosworth*, 502 F. Supp. 2d 1200, 1203 (D. N.M. 2007) (upholding administrative decision that affirmed notice of noncompliance issued by Forest Service to Copar regarding its operation of El Cajete Mine).

[3] In 1994, the Department of the Interior (DOI) determined that Claims 9-12 of the Brown Placer Mining Claims were validly located for stonewash pumice. The DOI further determined that the pumice from Claims 9-12 was locatable for the stonewash laundry industry only if the pumice was 3/4 of an inch or larger (+3/4" pumice).

Defendants were prohibited from extracting "common variety" pumice from El Cajete Mine under federal mining laws, including the Jemez National Recreation Area Act of 1993 (JNRAA), and under a 2002 Settlement Agreement between the United States and Copar.[4] (*Id*. at ¶ 50.) The United States contends that from April 2002 through February 2009 Defendants unlawfully removed, processed, and sold pumice for common variety purposes from El Cajete Mine. Specifically, the United States claims that 1) Defendants unlawfully trespassed on federal land to extract and mine pumice for common variety purposes; 2) Defendants unlawfully converted federal property by extracting and removing pumice for common variety purposes; and 3) Defendants were unjustly enriched from the illegal mining and sale of common variety pumice.[5] The United States asks for a declaratory judgment, compensatory damages, and permanent injunctive relief. In a MEMORANDUM OPINION AND ORDER (Doc. No. 43), the Court granted partial summary judgment in favor of Defendants holding that the United States is precluded from asserting the trespass, conversion, and unjust enrichment claims against Defendants for any mining activity prior to April 3, 2006.

On February 11, 2011, the United States served its First Set of Interrogatories and Requests for Production on all Defendants. The United States sought, *inter alia*, federal and state tax returns for all Defendants for the relevant time period. (Request For Production (RFP)

---

[4] The Environmental Impact Statement, issued as part of the Plan of Operation, required Copar to stockpile common variety pumice and use it for reclamation of the area. The +3/4" pumice was sent out for processing at Copar's plants in San Ysidro and Espanola.

[5] The United States contends that Defendants violated several statutes and regulations: 1) the National Forest Organic Administration Act of 1897, 16 U.S.C. § 551; 2) the Surface Resources Act of 1955 (as amended), 30 U.S.C. §§ 611 et seq.; 3) the Common Varieties Act of 1947 (as amended), 30 U.S.C. §§ 601 et seq.; 4) the General Mining Law of 1872, 30 U.S.C. §§ 21-54; 5) the JNRAA, 16 U.S.C. §§ 460jjj et seq.; and 6) Forest Service regulations, 36 C.F.R. 228, Subpart C. (Amended Compl. ¶ 3.)

No. 35. (Doc. No. 55-1 at 18.) The United States also requested tax returns, internal financial information, internal pumice sales records, invoices, receipts customer records, income, profit statements, and mine production records from Copar.

After receiving multiple extensions of time, Defendants responded to some of the discovery requests on April 22, 2011. The United States wrote to Defendants' counsel on May 26, 2011, noted Defendants' objections to discovery of Copar's business records on grounds of confidentiality, and specifically asked Defendants to "either move for a protective order . . . or provide additional specific information . . . such that the United States can evaluate whether a protective order as to the allegedly confidential business information would be appropriate." Letter from United States DOJ to Joseph Manges dated May 26, 2011 (Doc. No. 55-3 at 5.)

On July 27, 2011, the United States moved to compel responses to its discovery requests arguing that Defendants had failed to adequately provide the information requested. Magistrate Judge Molzen heard oral argument on October 26, 2011, but did not reach the issue of Defendants' tax returns; and instead, held the issue in abeyance so that the parties could attempt to resolve their disputes. Copar produced its tax returns under a Stipulated Protective Order (Doc. No. 156). In the Stipulated Protective Order, the parties agreed that if the individual Defendants' tax returns were ordered to be produced, the Stipulated Protective Order would cover those returns as well. On December 21, 2011, the United States filed a second motion to compel renewing its request for the individual Defendants' tax returns. On December 22, 2011, Defendants moved for a protective order concerning Copar's business records.

On April 19, 2012, Magistrate Judge Molzen heard oral argument on all pending discovery disputes, including the request for the individual Defendants' tax returns and ruled,

With regard to [Request for Production] 35, I don't think at all it's a fishing expedition. I

> think it's clearly calculated to lead to admissible evidence, and I think with an appropriate confidentiality order, any concerns that the defendants may have could be addressed.

Transcript of Proceedings April 19, 2012 (Doc. No. 192) at 25:1-5.

In the April 23, 2012 Order, Magistrate Judge Molzen confirmed her ruling at the hearing:

> RFP No. 35 requests the [Defendants'] federal and state tax returns from 2002-present. I find that RFP No. 35 seeks relevant information. Defendants' concerns about the personal nature of this information can be alleviated with a standard confidentiality order.

April 23, 2012 Order at 2.

In an Order entered on May 11, 2012, Magistrate Judge Molzen further explained,

> The Individual Defendants' income tax . . . returns from 2002-present are calculated to lead to relevant evidence in the present case for a number of reasons. Not only does the Government assert an unjust enrichment claim, but it is also entitled to test the veracity of these Defendants' claims that despite their ownership interests in Copar, their entitlement to 8% in royalties from Copar's pumice sales, and their 2002 settlement with the United States for $3.9 million, they have received nothing of value from Copar, other than Defendant Armstrong's salary. Similarly, as owners of Copar, the Individual Defendants could potentially be found liable for Copar's alleged trespass and conversion.

ORDER (Doc. No. 191) at 2.

Magistrate Judge Molzen further ruled

> . . . any risk of harm from the disclosure of confidential information is mitigated if not extinguished because the parties have agreed that the tax returns would be produced subject to a confidentiality order, preventing access by third parties.

*Id.* at 3.

II. Standard of Review

Fed. R. Civ. P. 72(a) allows a district judge to consider timely objections and modify or set aside any part of a magistrate judge's decision on a non-dispositive issue that is clearly erroneous or is contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); *Ocelot Oil Corp. v. Sparrow*

*Industries*, 847 F.2d 1458, 1461-62 (10th Cir. 1988) (cited in *Comeau v. Rupp*, 810 F. Supp. 1127, 1167 (D. Kan. 1992)).“The clearly erroneous standard is intended to give the magistrate a free hand in managing discovery issues.” *Center For Biological Diversity v. Norton*, 336 F. Supp. 2d 1155, 1158 (D. N.M. 2004) (citing *Harrington v. City of Albuquerque*, 2004 WL 1149494 , *1 (D. N.M. May 11, 2004)). Under this standard, a district judge can set aside a magistrate judge’s ruling only if the district judge has “the definite and firm conviction that a mistake has been committed.” *Id.* at 1464 (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). The Seventh Circuit Court of Appeals has stated that to be clearly erroneous, a magistrate judge’s decision must “strike us as more than just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week-old, unrefrigerated dead fish.” *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988). By contrast, the “contrary to law” standard permits “plenary review as to matters of law.” *Sprint Communications Co. L.P. v. Vonage Holdings Corp.*, 500 F. Supp. 2d 1290, 1346 (D. Kan. 2007) (citing 12 The Late Charles Alan Wright, Arthur R. Miller, Richard L. Cooper, Federal Practice & Procedure, § 3069, at 355 (2d ed.1997) and *Weekoty v. United States*, 30 F. Supp. 2d 1343, 1344 (D. N.M. 1998) (Hansen, J.)).

III. Discussion

A. Individual Defendants’ Income Tax Returns

In the STIPULATED PROTECTIVE ORDER FOR DEFENDANTS’ TAX RETURNS (Doc. No. 156), the parties agreed, “. . . that the individual Defendants’ tax returns will be produced subject to the terms and conditions of this Stipulated Protective Order.”. Based on this representation, the Court finds that Defendants’ individual tax returns are protected under this Stipulated Protective Order. Despite this Protective Order, however, Defendants argue that

requiring production of their tax returns was erroneous because the United States failed to show why the tax returns would contain relevant information to its claims for trespass, conversion, or unjust enrichment. The United States has alleged that the returns would show the "flow of money to [Defendants,]" from the mining operations at El Cajete Mine. In addition, the United States has maintained that it needs the individual Defendants tax returns to test the veracity of the Defendants assertion that, with the exception of Kelly Armstrong's salary, they received no compensation or other monies from Copar or its mining activities at El Cajete Mine. The United States points to the lease agreement under which the individual Defendants leased their mining rights to Copar in exchange for an 8% royalty from Copar's mining operations. In addition, Defendants Kelly Armstrong and Debbie Cantrup own a percentage of Copar and could be liable for unjust enrichment if the United States proves that they profited from Copar's mining operations. Finally, the United States argues that it needs the individual Defendants tax returns to determine whether any money flowed from Copar to the individual Defendants through other entities owned by Defendants. To determine this, the United States asserts that it needs to know all sources of the individual Defendants' income.

The Court concludes that Magistrate Judge Molzen's rulings with regard to the relevance of the tax returns as well as her determination that they must be produced, are not clearly erroneous or contrary to law. Under Rule 26 (b)(1), information is discoverable when it is relevant or reasonably could lead to relevant information:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the

discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1).

The claims asserted by the United States against the Individual Defendants, particularly the claim that they were unjustly enriched by Copar's mining activities, provide a solid basis for Magistrate Judge Molzen's ruling. The Court finds no factual or legal error from Magistrate Judge Molzen's ruling with respect to the individual Defendants' personal tax returns dating from 2002 to the present.

B. Copar's Financial Information: Denial of Protective Order

Magistrate Judge Molzen also denied Defendants' MOTION FOR PROTECTIVE ORDER (Doc. No. 87) in which Copar requested an order that would prohibit the United States from disclosing Copar's confidential commercial information and would prohibit the United States from using the information in any other litigation. Rule 26(c)(1)(G) provides,

> (c) Protective Orders.
>
> (1) *In General*. A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending– . . .
>
> . . .
>
> (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way[.]

Fed. R. Civ. P. 26(c)(1)(G). Copar contends that the documents requested contain sensitive proprietary and confidential financial information that should be protected under this rule. However, Magistrate Judge Molzen determined that Defendants had waived their right to move for a protective order by failing to move prior to the date on which the discovery was due.

Although Rule 26(c) is silent as to the time within which a party must move for a protective order, courts in this circuit have held that "a motion under [rule] 26(c) for protection . . . is timely filed if made before the date set for production." *Velasquez v. Frontier Medical,*

*Inc.*, 229 F.R.D. 197, 200 (D.N.M. 2005) (citing *In re Coordinated Pretrial Proceedings in Petroleum Products Antitrust Litigation*, 669 F.3d 620, 622 n.2 (10th Cir. 1982)). A court may deny a motion for protective order for untimeliness. The Late Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, and Richard L. Marcus, 8A Fed. Prac. & Proc. Civ. § 2035 (3d ed. 2012).

The United States argues that Defendants should have filed their motion for protective order in April 2011, when they served their discovery responses and objections. And the United States asserts that in May 2011, its counsel asked Defendants to "either move for a protective order . . . or to provide additional specific information . . . ." Letter from United States DOJ to Joseph Manges dated May 26, 2011 (Doc. No. 55-3 at 5.) Defendants, however, moved for a protective order in December 2011, several months later.

Magistrate Judge Molzen concluded that even though Defendants engaged in discussion with the United States during 2011 in an attempt to resolve discovery disputes, Defendants did not preserve their rights by moving for an extension of the deadline for filing motions for protective orders during the course of the negotiations. Magistrate Judge Molzen noted, "I see all the time where an attorney, on behalf of his client, will file a motion for an unopposed extension of time in which to file a protective order in case negotiations are not [fruitful]." Transcript of Proceedings held April 19, 2012 (Doc. No. 192) at 72:21-25. In addition to finding that Defendants' motion was untimely, Magistrate Judge Molzen concluded that Defendants failed to show good cause for the delay,

> There is no good cause for Defendants' failure to file a timely motion for protective order in this case. Defendants' failure to act promptly has caused significant delay, as evidenced by the Court's continuing consideration of the adequacy of Defendants' responses to discovery served over a year ago.

April 23, 2012 Order at 5.

On the merits of the motion, Magistrate Judge Molzen held, "defendants have not demonstrated good cause for issuance of [a protective order] . . . I believe that the damages proposed with regard to the potential competitor lists are just too speculative, given the period of time that the mine has been closed and nonoperational." *Id.* 75:21-76:2. The Court finds no clear error in this determination. The party seeking a protective order bears the burden to show good cause for a protective order, and the party must submit a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements. *Velasquez*, 229 F.R.D. at 200. Good cause for a protective order "is a factual matter to be determined from the nature and character of the information sought by deposition or interrogatory weighed in the balance of the factual issues involved in each action." The Late Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, and Richard L. Marcus, 8A Fed. Prac. & Proc. Civ. § 2035 (3d ed. 2012). Good cause exists for a protective order when a party demonstrates that 1) the material sought to be protected is confidential; and 2) that disclosure will create a competitive disadvantage for the party. *Pulsecard v. Discover Card Servs.*, No. 94-2304-EEO, 1995 WL 526533, *5 (D. Kan. Aug. 31, 1995) (quoting *Georgia Television Co. v. TV News Clips of Atlanta*, 718 F. Supp. 939, 953 (N.D. Ga. 1989)).

Defendants have failed to show that disclosure of the material sought by the United States would place Copar at a competitive disadvantage. It is undisputed that Copar closed El Cajete Mine in 2007, and the last sale of pumice occurred in 2008, with the exception of one sale of remaining material in 2010. Magistrate Judge Molzen did not commit error in her finding that Copar's argument that it would be injured by disclosure of the information was speculative based on Copar's argument that it intended to "reopen mines and re-commence operations[.]" In

an opinion issued in *United States v. Armstrong*, NMNM 119839 (Jan. 4, 2011) by the Deptartment of the Interior Office of Hearings and Appeals (Doc. No. 86-1) at 19, Copar was prohibited from mining locatable pumice at El Cajete because laundry grade pumice was no longer considered an economically valuable mineral with the collapse of the domestic stone-wash laundry market. Thus, Magistrate Judge Molzen's rejection of Copar's contention that it intends to resume operations at El Cajete was not clearly erroneous or contrary to law.

Consequently, Magistrate Judge Molzen's ruling that Copar's financial and business records did not warrant a protective order was also not clearly erroneous or contrary to law. Magistrate Judge Molzen recognized that Copar's information would be sufficiently protected by the requirement that parties redact personal or corporate information and account numbers from the documents. In addition, the Privacy Act of 1974, 5 U.S.C. § 552a; 28 C.F.R. Part 16, Subpart D protects personally identifying information within the government.

Magistrate Judge Molzen also determined that a confidentiality agreement from a previous administrative proceeding, "has no effect concerning the confidentiality of the documents produced in this proceeding." Defendants, however, argue that the confidentiality agreement in the administrative proceeding supports a finding that the documents are confidential in this proceeding and that they should be protected. Magistrate Judge Molzen determined that a protective order in this proceeding based on previous confidentiality determinations under different standards in the administrative proceeding would add another layer of complexity not warranted:

> If nothing else, this is what demonstrates to me the burdensomeness of this confidentiality agreement at the administrative level, is the complexity that it has caused in this litigation, and where there is potential for future litigation, that's bothersome for me.

Transcript of April 19, 2012 Proceedings (Doc. No. 192) at 75:7-12. The Court finds no abuse of discretion or error in this determination.

IT IS ORDERED that Defendants' OBJECTIONS TO MAGISTRATE'S APRIL 23, 2012 ORDER [DOC. 167]-PERSONAL TAX RETURNS/CONFIDENTIAL BUSINESS INFORMATION (Doc. No. 181) are overruled.

James A. Parker

SENIOR UNITED STATES DISTRICT JUDGE