IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THE UNITED STATES OF AMERICA,

     Plaintiff,

vs.                                   Civ. No.  09-1201 JP/RLP

COPAR PUMICE COMPANY, INC.,
KELLY ARMSTRONG, RICHARD P. COOK,
SHIRLEY A. COOK, and DEBBIE CANTRUP,

     Defendants.

MEMORANDUM OPINION AND ORDER

In their MOTION FOR SUMMARY JUDGEMENT (Cantrup and Cooks) (Doc. No. 78)

(Motion), Richard P. Cook, Shirley A. Cook and Debbie Cantrup (together, Defendants) ask the

Court to dismiss all claims against them arguing that they did not personally participate in or

profit from the allegedly illegal mining activities of Copar Pumice Company, Inc. (Copar).

Because discovery is ongoing and because the United States has not been able to obtain

information essential to oppose the Motion, the Court will deny the Motion without prejudice as

premature under Fed. R. Civ. P. 56(d).[1]  The Court will also deny without prejudice THE

UNITED STATES' MOTION FOR ORAL ARGUMENT (Doc. No. 96) as moot.

    I.  Background

    This lawsuit involves a pumice mine located in the Jemez Ranger District of the Santa Fe

---

[1] In ruling on the Motion, the Court has also considered MEMORANDUM IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT (Cooks and Cantrup) (Doc. No. 79); THE
UNITED STATES' RULE 56(d) RESPONSE TO DEFENDANTS CANTRUP, R. COOK AND
S. COOK'S MOTION FOR SUMMARY JUDGMENT (Doc. No. 85) (Response); and
DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT (Doc.
No. 92) (Reply).

National Forest.  The Individual Defendants owned the Brown Pacer Mining Claims 9-12 and

leased the mining rights to Copar in September 1988.  Copar is a closely-held corporation owned

by Defendant Richard Cook's three daughters, Defendant Debbie Cantrup, Defendant Kelly

Armstrong and Katherine Fishman.[2]  In 1994, the Department of the Interior (DOI) determined

that the Brown Placer Mining Claims 9-12 were validly located for stonewash pumice. The DOI

further determined that the pumice from Claims 9-12 was locatable for the stonewash laundry

industry only if the pumice was 3/4 of an inch or larger (+3/4" pumice).  In 1997, the Santa Fe

National Forest approved a Plan of Operations for a term of ten years allowing Copar to mine

and remove "locatable" pumice from Claims 9-12.  This mining operation became known as El

Cajete Mine. [3]

        In the Amended Complaint (Doc. No. 22), the United States alleges that "Defendants

were authorized to extract and remove only locatable pumice from [El Cajete Mine] for sale to

the stonewash laundry industry."  (Am. Compl. ¶ 49.)  The United States alleges that Defendants

were prohibited from extracting "common variety" pumice from El Cajete Mine under federal

mining laws, under the Jemez National Recreation Area Act of 1993 (JNRAA), and under a

2002 Settlement Agreement between the United States and Copar. (*Id*. ¶ 50.)  Defendants were

signatories to the 2002 Settlement Agreement, and Defendant Richard Cook signed the 2002

---

[2] It is unclear whether Ms. Cantrup, Ms. Armstrong and Ms. Fishman own equal shares in Copar; and if not, it is unclear what percentage ownership each has in Copar. It is undisputed, however, that Defendant Cantrup, Defendant Armstrong, and Ms. Fishman own a percentage of Copar.

[3] El Cajete Mine was an open pit pumice mine and pumice screening plant. *See Copar Pumice Co., Inc. v. Bosworth*, 502 F. Supp. 2d 1200, 1203 (D. N.M. 2007) (upholding administrative decision that affirmed notice of noncompliance issued by Forest Service to Copar regarding its operation of El Cajete Mine).

Settlement Agreement as an individual and as President of Copar.  Defendant Armstrong is

currently the President of Copar.  The Environmental Impact Statement, issued as part of the

Plan of Operation, required Copar to stockpile common variety pumice and use it for

reclamation of the area.  The +3/4" pumice was sent out for processing at Copar's plants in San

Ysidro and Espanola, New Mexico.

The United States contends that from April 2002 through February 2009 Defendants

unlawfully removed, processed, and sold pumice for common variety purposes from El Cajete

Mine.  Specifically, the United States claims that 1) Defendants unlawfully trespassed on federal

land to extract pumice for common variety purposes; 2) Defendants unlawfully converted federal

property by removing pumice for common variety purposes; and 3) Defendants were unjustly

enriched from the illegal mining and sale of common variety pumice.  The United States

contends that Defendants violated several statutes and regulations: 1) the National Forest

Organic Administration Act of 1897, 16 U.S.C. § 551; 2) the Surface Resources Act of 1955 (as

amended), 30 U.S.C. §§ 611 et seq.; 3) the Common Varieties Act of 1947 (as amended), 30

U.S.C. §§ 601 et seq.; 4) the General Mining Law of 1872, 30 U.S.C. §§ 21-54; 5) the JNRAA,

16 U.S.C. §§ 460jjj et seq.; and 6) Forest Service regulations, 36 C.F.R. 228, Subpart C.

(Amended Compl. ¶ 3.)  The United States seeks a declaratory judgment, compensatory

damages, and permanent injunctive relief.  The Court has granted partial summary judgment in

favor of Defendants holding that the United States is precluded from asserting the trespass,

conversion, and unjust enrichment claims against Defendants and Copar for any mining activity

prior to April 3, 2006. *See* MEMORANDUM OPINION AND ORDER (Doc. No. 43).

In the Motion, Defendants argue that the undisputed facts show they did not personally

participate in any activities at the El Cajete Mine, and that they have received nothing of value

from Copar's allegedly illegal mining operations.  Defendants contend that as a result, the claims

for trespass, conversion and unjust enrichment should be dismissed because, as a matter of law,

they did not trespass on Forest Service property, they did not convert pumice from El Cajete

Mine, and they were not unjustly enriched by the sale of common variety pumice.

Discovery in this case does not close until June 30, 2012, and discovery disputes between

the United States and Defendants have been ongoing since February 2011.  The United States

maintains that as a result of incomplete or non-existent discovery responses from the

Defendants, the Untied States has yet to learn whether Defendants took part in any of the mining

activities or whether Defendants received directly or indirectly anything of value from Copar, in

the form of money, goods or services.  The United States has attached to the Response the

DECLARATION OF ANDREW A. SMITH IN SUPPORT OF THE UNITED STATES RULE

56(d) RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY  JUDGMENT (Resp. Ex.

1) (Declaration).  Mr. Smith has been involved in this case as the lead trial attorney representing

the United States.   In the  Declaration, Mr. Smith outlines several reasons why the United

States cannot adequately respond to the Motion and why the Court should defer ruling on or

deny the Motion under Fed. R. Civ. P. 56(d).

II.  Standard of Review

Under Fed. R. Civ. P. 56, the Court "shall grant summary judgment if the movant shows

that there is no genuine dispute as to any material fact and the movant is entitled to judgment as

a matter of law." Fed. R. Civ. P. 56(a).  The movant may meet its Rule 56 burden by pointing out

to the court that the non-moving party "fail[ed] to make a showing sufficient to establish the

existence of an element essential to that party's case, and on which that party will bear the

burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  Ordinarily,

once the movant has met its Rule 56 burden, the burden shifts to the non-moving party to

establish the existence of a genuine issue for trial.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 256

(1986).

Under Rule 56(d), however, "[i]f a nonmovant shows by affidavit or declaration that, for

specified reasons, it cannot present facts essential to justify its opposition, the court may: (1)

defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to

take discovery; or (3) issue any other appropriate order."  Fed. R. Civ. P. 56(d).  The general

principle of Rule 56(d) is that "summary judgment [should] be refused where the nonmoving

party has not had the opportunity to discover information that is essential to his opposition."

*Price ex rel. Price v. Western Resources, Inc.*, 232 F.3d 779, 783 (10th Cir. 2000) (citing

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n. 5 (1986) (addressing former Rule 56(f)

now Rule 56(d)).  Courts grant relief under Rule 56(d) more readily when the essential

information is in the movant's exclusive control.  *Id. See Vivid Techs., Inc. v. American Sci. and

Eng'g, Inc.*, 997 F. Supp. 104, 107 (D. Mass.1998), *vacated in part on other grounds*, 200 F.3d

795 (Fed. Cir. 1999).

Rule 56(d) does not operate automatically.  The Tenth Circuit Court of Appeals

summarized the requirements of Rule 56(d).

> A prerequisite to granting relief [under Rule 56(f) now codified in Rule 56(d) ] . . . is an
> affidavit furnished by the nonmovant. Although the affidavit need not contain evidentiary
> facts, it must explain why facts precluding summary judgment cannot be presented. This
> includes identifying the probable facts not available and what steps have been taken to
> obtain these facts.  In this circuit, the nonmovant also must explain how additional time
> will enable him to rebut movant's allegations of no genuine issue of fact.

*Price*, 232 F.3d at 783 (quoting *Committee for the First Amendment v. Campbell*, 962 F.2d 1517,

1522 (10th Cir.1992) (citations omitted)).

III.  Discussion

In his Declaration, Mr. Smith generally states,

I certify pursuant to Federal Rule of Civil Procedure 56(d) that the United States needs additional discovery to present by affidavit facts essential to the United States' response to the Motion for Summary Judgment at this time. The reason for this conclusion is that Defendants have failed to comply with their discovery obligations and have not produced information and documents requested by the United States and necessary to defend against the Summary Judgment Motion.

Mr. Smith details the United States' efforts to obtain discovery in this case, the disputes regarding discovery, and the information that he contends is necessary to oppose the Motion. Particularly, Mr. Smith asserts that Defendants have not produced information related to their personal assets and liabilities and information describing the numerous business entities owned or controlled by the Defendants that the United States first requested in February 2011. Recently, Chief Magistrate Judge Karen B. Molzen ordered Defendants Kelly Armstrong, Richard P. Cook, Shirley A. Cook, and Debbie Cantrup to produce some basic information consisting of  "annual financial statements from 2002-2011 identifying all assets and liabilities exceeding a value of $10,000." ORDER (Doc. No. 191) at 3-4.  Magistrate Judge Molzen also ordered Defendants Armstrong and Richard Cook to provide documents regarding several related entities owned or controlled by the Defendants that have had financial dealings with Copar.

Defendants Armstrong and Richard Cook are therefore ordered to provide the following prefatory information:
(1) Identify each entity in which any of the Individual Defendants have (in whole or in part) owned, controlled, managed, or been employed by since 2002;
(2) Describe the purpose and business activities of each such entity; and
(3) Provide a list of each entity's directors and officers.

Id. at 4.  Magistrate Judge Molzen also required Defendants Armstrong and Richard Cook to produce documents related to the entities listed in the above response:

(1) Those that mention, discuss, or relate to Copar;
(2) Those that mention, discuss, or relate to any financial transaction in which Copar or any of its owners, officers, or directors were involved;
(3) Those that show the role of each Individual Defendant within the entity, including as employee, owner, officer, or director; and
(4) Those that show any payments, goods, or services provided to any Individual Defendant . . . .

*Id.* at 5.

Defendants have filed objections to the ORDER, and this Court is currently analyzing whether Defendants have shown that these and other recent discovery rulings are clearly erroneous or contrary to law under Fed. R. Civ. P. 72(a). *See* OBJECTIONS TO MAGISTRATE'S MAY 11, 2012 ORDER [DOC. 191] (Personal Financial Statements, Unrelated Business Transactions) (Doc. No. 195).[4]

Defendants counter that despite the discovery disputes, the United States has not carried its burden under Rule 56(d) of identifying with specificity the "essential probable facts" that it contends are not available, the relevance of those facts, and what discovery the United States needs to defeat summary judgment.  According to Defendants, Mr. Smith's Declaration does not identify with specificity any essential probable facts which are not available and which are relevant to the Motion.  Mr. Smith, however, alleges that additional discovery is necessary with respect to Copar's corporate structure, the Defendants' financial "relationship" with Copar and the Defendants' involvement in Copar's activities, either directly or indirectly through entities

---

[4] This is only one of three Objections to discovery rulings by Magistrate Judge Molzen that have been filed by Defendants in the last two months. *See also* OBJECTIONS TO MAGISTRATE'S APRIL 23, 2012 ORDER [DOC. 167] – MOTION TO QUASH SUBPOENAS AND ATTORNEY CLIENT PRIVILEGE (Doc. No. 179); and OBJECTIONS TO MAGISTRATE'S APRIL 23, 2012 ORDER [DOC. 167]-PERSONAL TAX RETURNS/CONFIDENTIAL BUSINESS INFORMATION (Doc. No. 181). These objections are also under advisement with this Court.

owned or controlled by Defendants.  In addition, the United States asserts that it needs the

additional information regarding each Defendant's assets and liabilities to learn whether Copar

directly or indirectly compensated the Defendants from Copar's mining revenues. (Smith Decl.

¶¶ 7, 19.)

For example, based on information received thus far, the United States has learned that

Defendant Cantrup is a 1/3 owner of Copar and is also a 1/3 partner of DAK Partnership.  DAK

Partnership owns land on which Copar operates a pumice processing plant in Espanola, New

Mexico. Copar operates the processing plant under an unwritten lease agreement, but without

paying rent.  According to the United States, Copar used this plant to illegally process the

common variety pumice taken from El Cajete, and based on Defendant Cantrup's position as a

partner of DAK Partnership, Defendant Cantrup may have known about Copar's allegedly illegal

mining and processing of common variety pumice.  The United States asserts that it needs to

depose Defendant Cantrup regarding her knowledge of what activities occurred on this property,

or whether she has received any form of compensation from Copar.  However, the United States

claims it has been unable to depose her without her personal financial information.  The United

States generally asserts that the Defendants all have close familial and business relationships

among themselves and have been involved in a variety of business ventures related to Copar's

mining activities (*see* Smith Decl. ¶20).  However, the United States needs more information to

piece together a picture of these relationships in order to test the statements Defendants made in

interrogatory responses that they received no compensation from Copar's El Cajete Mine

operations other than a salary paid to Defendant Armstrong.

Moreover, the United States has learned that each Defendant leased his or her mining

rights to Copar under a lease agreement that provides Copar would pay an 8% royalty on the

mined pumice.  Defendants maintain that they have received no payments under the lease; however, the United States has been unable to verify Defendants' contention.  In recently received documentation, the Untied States has determined that royalty payments may have been made to Defendants.  According to Mr. Smith, the Defendants and Copar have been involved in a "complex web of interrelated business ventures which shared equipment, land and office space with each other and Copar without formal agreements or the exchange of monies."  (*Id.* ¶20.) The United States asserts that even if the Defendants received no compensation from Copar, the right to obtain compensation under the lease is a legally enforceable right that ties them to the mining activities of Copar and may support the United States' claim of unjust enrichment against Defendants.

The United States asserts that the information sought is relevant not only to its trespass, conversion and unjust enrichment claims, but also to show whether the Defendants were engaged in a joint venture or civil conspiracy with Copar or whether Copar was operated in a way that would allow the United States to pierce the corporate veil and hold Defendants personally liable for Copar's activities.  Defendants assert that the Amended Complaint states no joint venture, civil conspiracy or piercing the corporate veil claims, and the United States cannot postpone a ruling on its current claims by arguing that it needs additional discovery related to claims not yet asserted in the Amended Complaint.

However, as noted by the United States, it is allowed to seek information that could support a motion for leave to amend the Amended Complaint to add these claims or theories of liability.  Under Rule 15, the Court should grant leave to amend "when justice so requires."

Fed. R. Civ. P. 15(a)(2).[5]  Even if the United States does not seek to amend its Amended

Complaint, the United States has shown that it has not received answers to its basic discovery

requests that would support the claims already asserted.  Without complete information

regarding the flow of money, goods or services from Copar to the Defendants, the United States

cannot adequately  respond to the Motion.  Therefore, since discovery is ongoing and since the

United States has given a sufficiently detailed description of the information that it has sought

and not received in discovery, the Court will deny the Motion under Rule 56(d) without

prejudice as premature.

IT IS ORDERED that the MOTION FOR SUMMARY JUDGEMENT (Cantrup and

Cooks) (Doc. No. 78) is denied without prejudice.

FURTHER ORDERED that THE UNITED STATES' MOTION FOR ORAL

ARGUMENT (Doc. No. 96) to address the MOTION FOR SUMMARY JUDGMENT (Cantrup

and Cooks) is denied without prejudice as moot.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[5] Rule 15(a)(2) states in relevant part,
. . . a party may amend its pleading only with the opposing party's written consent or the
court's leave. The court should freely give leave when justice so requires.
Fed. R. Civ. P. 15(a)(2).