IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


UNITED STATES OF AMERICA,

              Plaintiff,

v.                                         CIV 09-1201 JAP/KBM

COPAR PUMICE CO., INC., *et al.*,

              Defendant.


# ORDER REGARDING RULE 45 SUBPOENAS

THIS MATTER is before the Court following a telephonic status conference held on the afternoon of June 19, 2012.  Participants included Andrew Smith, Ruth Keegan, Dominika Tarczynska and Steve Hattenbach for the Plaintiff, Joseph Manges for Defendants, and Attorney Rudy Lucero of the Miller Stratvert Law Offices, which previously represented Defendants. During that conference, Mr. Manges confirmed his clients' direction to Mr. Lucero to withhold production of any documents pursuant to the subpoena on the basis of attorney-client privilege. Mr. Lucero sought guidance as to how to proceed given these conflicting demands.

On April 23, 2012, I ruled that "Defendants have waived the attorney-client privilege concerning 'all legal advice provided to Defendants regarding the legality of the mining, transportation, processing, marketing, trade, gift or sale of pumice at or taken from Brown Placer Mining Claims 9-12.'"  *See Doc. 167* at 9.  I therefore denied Defendants' motion to quash Plaintiff's subpoenas directed to Defendants' former law firms seeking such information.  *Id.*

Defendants filed objections to that Order, some of which focused on the failure of my Order to include certain limitations on the legal advice to be produced pursuant to the subpoenas. *See Doc. 179*. The Honorable James A. Parker overruled all of the objections on June 18, 2012, and that ruling sparked the parties' request for the telephonic conference. *See Doc. 221*. In rejecting Defendants' objections, Judge Parker specifically found that "[l]egal advice given in connection with air quality proceedings, environmental challenges to permits, and civil rights matters are not discoverable under the April 23, 2012 Order." *Id.* at 12. Judge Parker also noted:

> In the hearing on discovery matters held on April 19, 2012, the United States reiterated its position that it is not seeking attorney work product from Defendants' counsel. In light of this concession, Magistrate Judge Molzen did not need to address it in the April 23, 2012 Order, and materials constituting attorney work product are protected from discovery. Defendants further contend that Magistrate Judge Molzen failed to limit the April 23, 2012 Order to allow the production of information concerning activities from April 2002 to the present as previous oral rulings indicated. In a previous discovery order, Magistrate Judge Molzen clearly set out this time limit. . . . As the parties are fully aware of Magistrate Judge Molzen's ruling quoted above, it was not necessary for her to repeat it in the April 23, 2012 Order. The Court notes that the United States also represented that it would not seek documents containing legal advice after the date of the last sale of pumice, which appears to have been in January 2010. Given this admission on the record, Magistrate Judge Molzen did not need to address this time constraint.

*Id.* at 13-14 & n.10. Thus, the parties in this litigation understand these limitations, but the recipient law firms may not. To avoid any confusion as to the production obligations, I am directing Plaintiff to serve a copy of this Order in addition to the subpoenas at issue.

Finally, Mr. Manges indicated that he is exploring with his clients whether to file an interlocutory appeal. Because discovery orders do not constitute final decisions, as a rule they are not immediately appealable. *See Piratello v. Philips Electronics North America Corp.*, 360 F.3d 506, 508 (5th Cir. 2004). Nevertheless,

> [t]he Supreme Court has held that a party that wishes to immediately appeal a
> discovery order "must [first] refuse compliance, be held in contempt, and then
> appeal the contempt order." *Church of Scientology*, 506 U.S. 9, 18 n. 11. . . . As
> to non-parties, however, the rule is different: "a discovery order directed at a
> disinterested third party is treated as an immediately appealable final order
> because the third party presumably lacks a sufficient stake in the proceeding to
> risk contempt by refusing compliance." [*Id.*], citing *Perlman v. United States*, 247
> U.S. 7, 38 S.Ct. 417, 62 L.Ed. 950 (1918)).

*Id.* at 508 & n.1.  Defendants may contend that the former law firms qualify as sufficiently

"disinterested" third-parties such that an immediate appeal should be heard.

Yet even if such an interlocutory appeal might be available here, the Federal Rules of

Criminal Procedure are clear.  "The issuing court may hold in contempt a person who, having

been served, fails without adequate excuse to obey the subpoena." FED. R. CIV. P. 45(e).  This

district's local rules also caution against noncompliance with the discovery orders of this Court.

Local Rule 37.3 expressly provides that "[a] party's duty to comply with a discovery order is not

stayed by filing an appeal from or objection to the order, unless otherwise ordered." D.N.M.LR-

Civ. 37.3.

Given the contentious stance taken by Defendants throughout discovery, the Court

declined to entertain an oral motion to stay the discovery order.  If such a written motion to stay

is to be filed, the parties must also address whether a decision should made by the magistrate

judge who made the discovery ruling or the district judge who upheld the decision.

**IT IS SO ORDERED.**

_____

UNITED STATES CHIEF MAGISTRATE JUDGE

3