# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**THE UNITED STATES OF AMERICA,**

     **Plaintiff,**

**vs.**                             **No. CIV  09-1201 JAP/KBM**

**COPAR PUMICE COMPANY, INC.,**
**KELLY ARMSTRONG, RICHARD P. COOK,**
**SHIRLEY A. COOK, and DEBBIE CANTRUP,**

     **Defendants.**

## MEMORANDUM OPINION AND ORDER

Defendants move[1] the Court to stay the effect of the Court's June 18, 2012,

Memorandum Opinion and Order ("MOO Overruling Objections"),[2] in which the Court

overruled Defendants' objections to a Discovery Order[3] issued by Chief Magistrate Judge Karen

B. Molzen. In the MOO Overruling Objections, the Court upheld Chief Magistrate Judge

---

[1] On June 22, 2012, Defendants, Copar Pumice Company, Inc., Kelly Armstrong, Richard P. Cook, Shirley A. Cook, and Debbie Cantrup, filed an EMERGENCY MOTION FOR STAY OF ORDER OVERRULING OBJECTIONS PENDING APPEAL (Doc. No. 230) ("Emergency Motion for Stay"). On June 28, 2012, the United States filed THE UNITED STATES' RESPONSE TO DEFENDANTS' MOTION FOR STAY PENDING APPEAL OF ORDER OVERRULING OBJECTIONS TO THE CHIEF MAGISTRATE JUDGE'S APRIL 23, 2012, DISCOVERY ORDER (Doc. No. 239) ("Response").

[2] On June 18, 2012, the Court entered Doc. No. 221, a MEMORANDUM OPINION AND ORDER OVERRULING OBJECTIONS TO MAGISTRATE'S APRIL 23, 2012 ORDER [DOC. 167] – MOTION TO QUASH SUBPOENAS AND ATTORNEY CLIENT PRIVILEGE (Doc. No. 179) ("MOO Overruling Objections").

[3] On April 23, 2012, Chief Magistrate Judge Molzen entered an ORDER ON PENDING DISCOVERY ISSUES (Doc. No. 167) ("Discovery Order").

Molzen's ruling that Defendants waived the attorney-client privilege by asserting the affirmative

defense of good-faith reliance upon the advice of counsel. *See* Doc. No. 167, Part V, at 5-9; Doc.

No. 221, at 2. Defendants have appealed the Court's ruling to the Tenth Circuit Court of Appeals

and ask the Court to stay the effect of the MOO Overruling Objections pending the Tenth

Circuit's resolution of the appeal. Emergency Motion for Stay at 8. The United States argues that

Defendants' Emergency Motion for Stay is without merit and should be denied. Response at 1.

On July 2, 2012, the Court held a hearing on Defendants' Emergency Motion for Stay.

Attorney Joseph Manges represented Defendants, including Defendant Kelly Armstrong, who

was present. Attorneys Ruth Keegan, Andrew Smith, Michael Hoses, and Steve Hattenbach

represented the United States. The Court has considered the parties' briefing, the parties'

arguments at the hearing, and the relevant law, and the Court concludes that Defendants'

Emergency Motion for Stay should be denied.

## BACKGROUND

This lawsuit involves Copar Pumice Company, Inc.'s operation of El Cajete Mine,[4]

located in the Jemez Ranger District in the Santa Fe National Forest. Defendants Kelly

Armstrong, Richard P. Cook, Shirley A. Cook, and Debbie Cantrup own the Brown Pacer

Mining Claims 9-12 and leased the mining rights to Copar Pumice Company, Inc. (Copar) in

September 1988. Copar is a closely held corporation owned by Defendant Richard Cook's three

daughters: Defendant Debbie Cantrup, Defendant Kelly Armstrong, and Katherine Fishman,

who is not a party in this case. In 1997, the Santa Fe National Forest approved a Plan of

---

[4] El Cajete Mine is an open pit pumice mine and pumice screening plant. *See Copar Pumice Co., Inc. v. Bosworth*, 502 F. Supp. 2d 1200, 1203 (D.N.M. 2007) (upholding administrative decision that affirmed notice of noncompliance issued by Forest Service to Copar regarding its operation of El Cajete Mine).

Operations for a term of ten years, which allowed Copar to mine and remove locatable pumice

from Claims 9-12. This mining operation became known as El Cajete Mine.

In the Amended Complaint (Doc. No. 22), the United States alleges that "Defendants

were authorized to extract and remove only locatable pumice from [El Cajete Mine] for sale to

the stonewash laundry industry" but were prohibited from extracting "common variety" pumice

from El Cajete Mine under federal mining laws and a 2002 Settlement Agreement between the

United States and Copar. *Id.* ¶¶ 49-50. The United States contends that from April 2002 through

February 2009, Defendants unlawfully removed pumice for common variety purposes from El

Cajete Mine. The United States asks for a declaratory judgment, compensatory damages, and

permanent injunctive relief.  In a MEMORANDUM OPINION AND ORDER (Doc. No. 43), the

Court granted partial summary judgment in favor of Defendants, holding that the United States is

precluded from asserting trespass, conversion, and unjust enrichment claims against Defendants

for any mining activity prior to April 3, 2006.

In their Answers to the Amended Complaint, Defendants asserted that (1) the removal of

uncommon variety pumice and block pumice[5] was authorized under federal mining laws and the

2002 Settlement Agreement; (2) Defendants acted under valid mining claims; (3) the United

States' claims are barred because Defendants had the legal right to mine the claim; and (4)

Defendants owned the pumice extracted from the mine. *See* Doc. Nos. 32, 33, 34. In a hearing

held October 26, 2011, Defendants' counsel confirmed that Defendants were relying on the

argument that their attorneys had advised them that their activities were lawful and that

---

[5] Pumice with one dimension over 2" is known as "block pumice."

Defendants relied in good faith on that advice.[6]

On February 11, 2011, the United States served its First Set of Interrogatories and Requests for Production on Defendants. Specifically, in Interrogatory No. 30 to Copar and in Interrogatory No. 20 to the individual Defendants, the United States asked Defendants to "identify and describe all legal advice provided to Defendants regarding the legality of mining, transportation, processing, marketing, trade, gift and sale of pumice at or taken from Brown Placer Mining Claims 9 to 12." Doc. No. 55-1, at 11.  And in Request for Production No. 97, the United States asked each Defendant to produce "documents concerning legal advice produced to you regarding the legality of mining, transportation, processing, marketing, trade, gift, or sale of pumice at or taken from Brown Placer Mining Claims 9-12." *Id.* at 33. Defendants objected to these requests, stating that the information and documents were privileged. Defendants later supplemented their responses by stating that Copar's "good-faith position with respect to its rights to extract pumice from the claims is well know[n] and documented to the government in all of the pleadings, briefs, and memorandum filed in *Copar Pumice Inc. v. Bosworth,* USDC No. CIV-6-0097 and before the United States Court of Appeals for the Tenth Circuit in *Copar Pumice Co. Inc. v. Bosworth et al.,* Cause No. 07-2211, and reference is made thereto." Doc. No. 55-6 at 4. In July 2011, Defendants provided supplemental discovery responses, again asserting the attorney-client privilege.

On July 27, 2011, the United States moved the Court to compel production of documents

---

[6] THE COURT: So, [Defendants] are taking the position that they relied on an attorney's advice that what they were doing was lawful?

MR. MANGES: Yes.

Transcript of October 26, 2011, hearing (Doc. No. 26).

and information pertaining to "all legal advice provided to Defendants regarding the legality of mining . . . of pumice at or taken from" the El Cajete Mine. Doc. No. 55. On October 26, 2011, Chief Magistrate Judge Molzen ordered production, finding that by asserting a defense of "good faith reliance on the advice of counsel," Defendants had waived their claim of attorney-client privilege. Doc. No. 74, at 2. Defendants did not object to the October 26, 2011, ruling but did not produce the information or documents. *See* 28 U.S.C. § 636(b)(1) (requiring parties to file any objections to magistrate judge rulings within 14 days).

On February 8, 2012, the United States served Defendant Copar's present and former attorneys with subpoenas for all documents in which the attorneys provided legal advice to Copar regarding whether Copar's mining activities at El Cajete Mine were legal. *See* Doc. No. 105. In response, Defendants filed a Motion to Quash (Doc. No. 112) and a Second Motion for Protective Order (Doc. No. 132), "arguing for the first time that the scope of the good-faith defense and waiver of privilege was limited to 'whether the Forest Service could lawfully restrict the "end use" of locatable pumice solely to the laundry industry.'" Doc. No. 167, at 6-7 (quoting Doc. No. 112, at 2).

On April 23, 2012, Chief Magistrate Judge Molzen issued the Discovery Order, reiterating her ruling from October 26, 2011, and denying Defendants' Motion to Quash and Defendants' Second Motion for Protective Order. *See* Doc. No. 167, Part V. Chief Magistrate Judge Molzen ruled that Defendants must produce information and documents concerning "all legal advice provided to Defendants regarding the legality of mining, transportation, processing, marketing, trade, gifts or sale of pumice from the Brown Placer Mining Claims 9-12" since April 2002. Discovery Order at 9. Chief Magistrate Judge Molzen reasoned that Defendants waived the attorney-client privilege for these communications by asserting "the affirmative defense of

5

good-faith reliance upon the advice of counsel." *Id.* Chief Magistrate Judge Molzen found that Defendants waived the attorney-client privilege under the federal common law, as articulated in *Hearn v. Rhay*, 68 F.R.D. 574, 581 (E.D. Wash. 1975), but explained that her ruling would be the same under New Mexico privilege law. *Id.* at 7-9.

On May 4, 2012, Defendants filed written objections[7] to the Discovery Order. On June 18, 2012, the Court issued its MOO Overruling Objections. Doc. No. 221. The Court found that Defendants had waived their right to object to the October 26, 2011, order, but the Court considered the merits of Defendants' objections to the April 23, 2012, Discovery Order. MOO Overruling Objections at 5-6. In those objections, Defendants admitted that they had asserted the defense of good faith reliance on advice of counsel but argued that Chief Magistrate Judge Molzen's Discovery Order was too broad. *See id.* at 6. Defendants asserted that, although their affirmative defense is limited to legal advice concerning whether the Forest Service can restrict mining activities based on the end use of the pumice extracted, the United States consistently has requested documents concerning "*all* legal advice provided to Defendants regarding the legality of the mining, transportation, processing, marketing, trade, gift or sale of pumice at or taken from Brown Placer Mining Claims 9-12." *Id.* at 7 (emphasis added).

In the MOO Overruling Objections, the Court concluded that the federal common law of privilege applies and agreed with Chief Magistrate Judge Molzen that Defendants waived the attorney-client privilege with regard to legal advice concerning mining operations at El Cajete Mine. *Id.* at 9-10. The Court also considered the scope of the Discovery Order and found that

---

[7] On May 4, 2012, Defendants filed OBJECTIONS TO MAGISTRATE'S APRIL 23, 2012 ORDER [DOC. 167] –- MOTION TO QUASH SUBPOENAS AND ATTORNEY CLIENT PRIVILEGE (Doc. No. 179).

6

"Magistrate Judge Molzen appropriately allowed the discovery of legal advice given to Defendants regarding Copar's pumice mining, transportation, and processing activities" but not the discovery of "[l]egal advice given in connection with air quality proceedings, environmental challenges to permits, and civil rights matters." *Id.* at 12. The Court upheld Chief Magistrate Judge Molzen's ruling that "Defendants must produce information and documents concerning 'all legal advice provided to Defendants regarding the legality of the mining, transportation, processing, marketing, trade, gifts or sale of pumice from the Brown Placer Mining Claims 9-12.'" *Id.* at 1-2 (quoting Discovery Order at 9).

On June 19, 2012, Chief Magistrate Judge Molzen held a telephonic status conference and subsequently entered an ORDER REGARDING RULE 45 SUBPOENAS (Doc. No. 229) ("Subpoena Order"). At the conference, defense counsel explained that Defendants instructed their current and former law firms to withhold the production of the subpoenaed documents on the basis of the attorney-client privilege, despite the court orders to the contrary. *See* Subpoena Order at 1. Defense counsel also noted that Defendants were considering an interlocutory appeal of the Court's MOO Overruling Objections. *Id.* at 2.

In the Subpoena Order, Chief Magistrate Judge Molzen explained that, as a general rule, discovery orders are not final decisions and are not immediately appealable. *Id.* But Chief Magistrate Judge Molzen also recognized that a different rule may apply to a discovery order directed at a non-party to the litigation: "a discovery order directed at a disinterested third party is treated as an immediately appealable final order because the third party presumably lacks a sufficient stake in the proceeding to risk contempt by refusing compliance." *Id.* at 3 (quoting *Piratello v. Philips Elecs. N. Am. Corp.*, 360 F.3d 506, 508 & n.1 (5th Cir. 2004) (citing *Perlman v. United States*, 247 U.S. 7 (1918))). Thus, Chief Magistrate Judge Molzen concluded that

7

Copar's former law firms might qualify as sufficiently disinterested third-parties such that an immediate appeal should be heard. *Id.* Nonetheless, Chief Magistrate Judge Molzen noted that, even if an interlocutory appeal might be available, a court may hold in contempt a person who fails to obey a subpoena. *Id.* at 3 (citing Fed. R. Civ. P. 45(e) and D.N.M.LR-Civ. 73.3).

On June 22, 2012, Defendants filed a NOTICE OF APPEAL (Doc. No. 231) of Chief Magistrate Judge Molzen's Discovery Order (Doc. No. 167), the Court's MOO Overruling Objections (Doc. No. 221), and Chief Magistrate Judge Molzen's Subpoena Order (Doc. No. 229). That same day, Defendants filed their Emergency Motion for Stay (Doc. No. 230).

## DISCUSSION

Defendants contend that they "are entitled to immediately appeal the Court's determination regarding the attorney-client privilege." Emergency Motion for Stay at 2. In Defendants' view, a postjudgment ruling by the Tenth Circuit that the Court's discovery orders were too broad will not provide Defendants with an adequate remedy. Defendants argue that a stay pending appeal is warranted because (1) Defendants "are likely to succeed on the merits of their appeal," *id.* at 3; (2) immediate disclosure of the subpoenaed documents will cause Defendants "*immediate and irreparable* harm," *id.* at 6; (3) the United States "will not suffer any harm whatsoever if the stay is granted," *id.* at 7; and (4) due to the importance of the attorney-client privilege, the public interest would be furthered by protecting the documents until the Tenth Circuit has a chance to review the matter, *id.*  Defendants ask the Court to stay the effect of the MOO Overruling Objections pending the resolution of the appeal. *Id.* at 8.

In the Response, the United States argues that the Tenth Circuit does not have subject matter jurisdiction to consider Defendants' appeal because the discovery orders at issue are not "final decisions of the district courts" within the meaning of 28 U.S.C. § 1291. Response at 9-10.

8

The United States relies on *Mohawk Industries, Inc. v. Carpenter*, 130 S. Ct. 599, 609 (2009) (per curiam), in which the Supreme Court held that discovery orders adverse to the attorney-client privilege are not subject to immediate appeal under the collateral order doctrine. Additionally, the United States argues that even if Defendants have a right to an interlocutory appeal, Defendants have not shown that they are entitled to a stay during the pendency of the appeal. Response at 12.

A.      **Confidentiality Order**

The United States has informed the Court that, following the entry of the Subpoena Order (Doc. No. 229), the Miller Stratvert P.A. law firm produced documents in compliance with the subpoena and court orders, but neither the Montgomery & Andrews law firm nor the Comeau, Maldegen, Templeman & Indall, LLP law firm produced any documents. *See* Response at 8. At the July 2, 2012, hearing, defense counsel explained that the law firms had delayed production of documents pending the Court's ruling on Defendants' Emergency Motion for Stay, and that the law firms intend to comply with this Court's ruling on the Emergency Motion for Stay.

The Court finds that it would be prudent to keep documents produced by Defendants' current and former law firms confidential until the Tenth Circuit has a chance to determine whether it has subject matter jurisdiction over Defendants' interlocutory appeal. At the July 2, 2012, hearing, the Court inquired whether documents produced by Defendants' current and former law firms in response to the subpoenas and court orders are subject to a confidentiality order or a protective order. The parties agreed that, although there is an existing protective order in this case, the existing protective order does not cover documents produced by the law firms in response to the subpoenas.

To alleviate the Court's concerns, the United States agreed to maintain the confidentiality

of all documents produced by Defendants' former and current law firms in response to the subpoenas until the Tenth Circuit determines whether it has subject matter jurisdiction over Defendants' appeal of (1) the Discovery Order (Doc. No. 167), (2) the MOO Overruling Objections (Doc. No. 221), and (3) the Subpoena Order (Doc. No. 229). Additionally, the parties agreed to file under seal any court filings that reference the documents produced by the law firms until the Tenth Circuit determines whether it has jurisdiction over Defendants' present interlocutory appeal.

In addition to the confidentiality agreement, defense counsel asked the Court to issue a protective order covering the produced documents through the duration of this case. The Court declined to enter a protective order but invited Defendants to file a motion requesting a protective order to be considered by Chief Magistrate Judge Molzen.

At the July 2, 2012, hearing, the Court reviewed, *in camera*, two documents produced by the Miller Stratvert law firm in response to the subpoena and court orders. The Court took those documents into consideration when ruling on Defendants' Emergency Motion for Stay.[8]

**B.     The Court Will Not Stay the Effect of its June 18, 2012, Memorandum Opinion and Order Pending Appeal.**

Under the District of New Mexico's local rules, "[a] party's duty to comply with a discovery order is not stayed by filing an appeal from or objection to the order, unless otherwise ordered." D.N.M.LR-Civ. 37.3. Although the Tenth Circuit can grant a stay pending appeal, the appellant should first request a stay from the district court. *See McClendon v. City of*

---

[8] In order to maintain the confidentiality of the documents produced by the Miller Stratvert law firm, the Court will not discuss the contents of the documents in this Memorandum Opinion and Order. But the Court notes that the United States may wish to file the documents in the record, under seal, so that the Tenth Circuit will have the opportunity to review them on appeal.

*Albuquerque*, 79 F.3d 1014, 1020 (10th Cir. 1996). In determining whether a stay pending

appeal is appropriate, the court should consider four factors, which are enumerated in the local

rules of the Tenth Circuit and quoted in *McClendon*:

> 10th Cir. R. 8.1 requires the applicant to address the following: "(a) the likelihood
> of success on appeal; (b) the threat of irreparable harm if the stay or injunction is not
> granted; (c) the absence of harm to opposing parties if the stay or injunction is
> granted; and (d) any risk of harm to the public interest."

*Id.* "These factors require individualized consideration and assessment in each case." *Id.* If a

party "can meet the other requirements for a stay pending appeal," that party "will be deemed to

have satisfied the likelihood of success on appeal element if [the party] show[s] questions going

to the merits so serious, substantial, difficult and doubtful, as to make the issues ripe for

litigation and deserving of more deliberate investigation." *Id.* (quotation marks and citation

omitted). A stay preserves "the status quo pending appellate determination." *Id.*

### 1.   Likelihood of Success on the Merits

Defendants argue that they are likely to succeed on the merits because the Court erred by

(1) applying federal law instead of New Mexico law, (2) concluding that Defendants waived the

attorney-client privilege, and (3) finding too broad a waiver. Emergency Motion for Stay at 3-5.

Defendants also contend that, because they have met the other three elements, the Court should

apply a "relaxed" standard to the "likelihood of success element." *Id.* at 3. In Defendants' view,

their appeal presents issues that are "so serious, substantial, difficult and doubtful" that the Tenth

Circuit should consider those issues on interlocutory appeal. *Id.*

The United States argues that Defendants have no likelihood of success on the merits.

Response at 12. Because Defendants failed to timely object to Chief Magistrate Judge Molzen's

October 26, 2011, order, the United States contends that Defendants waived their right to appeal

11

the rulings in that order. *Id.* Additionally, the United States predicts that the Tenth Circuit will apply the federal common law, and more specifically, the majority rule for waiver of the attorney-client privilege as articulated in *Hearn v. Rhay*, 68 F.R.D. 574 (E.D. Wash. 1975). *Id.* at 12-13. Finally, the United States argues that even if New Mexico privilege law governs, Defendants waived the attorney-client privilege under New Mexico law. *Id.* at 14.

The Court finds that Defendants have failed to demonstrate a likelihood of success on the merits of their appeal. A magistrate judge and a district court judge independently have reviewed the choice of law issue raised by Defendants and have concluded that the federal common law, not New Mexico law, applies. Likewise, two judges have concluded that Defendants waived the attorney-client privilege by asserting the affirmative defense of good-faith reliance upon the advice of counsel. Finally, two judges have considered the scope of Defendants' waiver of the attorney-client privilege and have concluded that the information sought by the United States falls within the scope of Defendants' waiver.

### 2.       Immediate and Irreparable Harm to Defendants

Defendants argue that immediate enforcement of the orders and subpoenas will cause Defendants immediate and irreparable harm because the production and disclosure of privileged information to the United States will immediately destroy the attorney-client privilege for all purposes, rendering any appeal a nullity. Emergency Motion for Stay at 6-7. The United States responds that Defendants' position was rejected by the United States Supreme Court in *Mohawk*, 130 S. Ct. 599. Response at 16. In *Mohawk*, the Supreme Court explained that "postjudgment appeals generally suffice to protect the rights of litigants and assure the vitality of the attorney-client privilege." 130 S. Ct. at 607. In the United States' view, if the law firms comply with the subpoenas, Defendants may later seek redress on appeal following a final judgment; and if the

law firms refuse to comply with the subpoenas, those law firms risk contempt proceedings through which they may challenge the Court's order. *Id.* at 16.

The Court concludes that the confidentiality agreement entered into by the parties at the July 2, 2012, hearing will ensure that Defendants will not suffer immediate or irreparable harm if the Court denies the Emergency Motion for Stay.

### 3.    Absence of Harm to the United States

Defendants argue that the United States "will not suffer any harm whatsoever if the stay is granted." Emergency Motion for Stay at 7. The United States responds that it has attempted to obtain this information for over a year and needs the information to prepare for trial. Response at 17. The Court finds that harm to the United States is not a significant factor in this case, but the absence of relatively minor harm to the United States does not affect the Court's ruling on Defendants' Emergency Motion for Stay.

### 4.    Risk of Harm to the Public Interest

Defendants contend that protecting the documents until the Tenth Circuit reviews the discovery orders will further the public interest because "the attorney-client privilege occupies a special place in U.S. law" and is "one of the oldest and most venerable privileges." Emergency Motion for Stay at 7. The United States argues that piecemeal appeals are contrary to the public interest. Response at 17. The United States again quotes *Mohawk*, in which the Supreme Court explained that "[p]ermitting parties to undertake successive, piecemeal appeals of all adverse attorney-client privilege rulings would unduly delay the resolution of district court litigation and needlessly burden the Courts of Appeals." 130 S. Ct. at 608. The Court concludes that Defendants have not carried their burden of proving that a stay will further the public interest.

13

## CONCLUSION

The Court has considered the four factors used by the Tenth Circuit for determining whether a stay pending appeal is warranted. *See McClendon*, 79 F.3d at 1020. On balance, the Court concludes that Defendants' Emergency Motion for Stay should be denied. Although a stay will not cause any significant harm to the United States, Defendants have not demonstrated that they are likely to succeed on the merits or that granting a stay will further the public interest. Additionally, the Court finds that the confidentiality agreement that the parties entered into at the July 2, 2012, hearing will prevent any immediate or irreparable harm to Defendants.

**IT IS ORDERED THAT:**

(1)     Defendants' EMERGENCY MOTION FOR STAY OF ORDER OVERRULING OBJECTIONS PENDING APPEAL (Doc. No. 230) is DENIED; and

(2)     All documents produced by Defendants' former and current law firms in response to the United States' subpoenas (*see* Doc. No. 105) are subject to a confidentiality agreement until the Tenth Circuit Court of Appeals determines whether it has jurisdiction over Defendants' interlocutory appeal of Doc. Nos. 167, 221, and 229.

_____

UNITED STATES DISTRICT COURT JUDGE

14