**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**THE UNITED STATES OF AMERICA,**

**Plaintiff,**

**vs.** **Civ. No. 09-1201 JAP/KBM**

**COPAR PUMICE COMPANY, INC., KELLY ARMSTONG, RICHARD P. COOK, SHIRLEY A. COOK, and DEBBIE CANTRUP,**

**Defendants.**

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO STAY BRIEFING ON MOTIONS FOR SUMMARY JUDGMENT**

In its MOTION TO STAY BRIEFING ON MOTIONS FOR SUMMARY JUDGMENT (Doc. No. 278) (Motion) Plaintiff, the United States of America (United States), asks the Court to issue a stay of briefing on Defendants' August 24, 2012 MOTION FOR SUMMARY JUDGMENT (Consent, *Res Judicata*, Unenforceability and vagueness [sic]) (Doc. No. 274) (MSJ) and a stay of filing of additional motions for summary judgment until after discovery is completed by July 1, 2013. In addition, the United States asks the Court to establish a briefing schedule for any summary judgment motions filed after discovery ends. Defendants oppose a stay arguing that the Motion does not comply with Fed. R. Civ. P. 56(d) and that a stay of briefing on the MSJ would interfere with the purpose of summary judgment, which is to limit the need for discovery and the expense of a trial. In addition, Defendants ask the Court not to stay a decision on their MSJ because it "plainly raises new defenses based upon new undisputed facts and evidence." (Resp. 5.)

DISCUSSION

Rule 56(b) provides "[u]nless a different time is set by local rule *or the court orders otherwise*, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b) (emphasis added). Rule 56(d) provides,

> (d) When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). Although the United States has not met the requirements under Rule 56(d), the United States correctly asserts that under Rule 56(b) and under the Court's inherent power to manage its cases, the Court may stay consideration of the MSJ and set deadlines for the briefing of summary judgment motions after discovery closes.

It is notable that the MSJ is the fourth dispositive motion filed by Defendants. On November 12, 2010, the Court partially granted Defendants' first motion for summary judgment on the issue of *res judicata*.[1] *See* MEMORANDUM OPINION AND ORDER (Doc. No. 43) (holding that the United States is precluded from asserting the trespass, conversion, and unjust enrichment claims against Defendants and Copar for any mining activity prior to April 3, 2006 but not for mining activity after that date). The Court denied Defendants' second motion for summary judgment without prejudice because the United States met its burden under Rule 56(d)

---

[1]Defendants presented the issues in their DEFENDANTS' MOTION TO DISMISS (*Res Judicata*) (Doc. No. 18). Due to the procedural posture of the case, the Court considered the Motion to Dismiss as a motion for judgment on the pleadings, and because both sides presented matters outside of the pleadings, the Court then treated the motion as a motion for summary judgment.

to show that Defendants had not produced relevant financial information required for the United States to respond to Defendants' contention that they had not profited from the mining activities at issue. *See* MEMORANDUM OPINION AND ORDER (Doc. No. 224). The Court denied Defendants' third motion for summary judgment because, as a matter of law, (1) the Court has jurisdiction over this dispute, (2) the United States is not barred from asserting its tort claims either by a 2002 Settlement Agreement or under the economic loss doctrine, and (3) the Court can consider the United States' unjust enrichment claim against Defendants because the 2002 Settlement Agreement was not the sole basis upon which the United States asserted its right to recover damages. *See* MEMORANDUM OPINION AND ORDER (Doc. No. 271).

In the MSJ Defendants argue that a 2006 Notice of Noncompliance (2006 NON) and a letter stating that the 2006 NON had been resolved preclude the United States' claims brought in this lawsuit. In the alternative Defendants assert that the regulations the United States claims Defendants violated are too vague to be enforceable as to Defendants' mining activities.

The United States points out that the Court may deny the MSJ because Defendants failed to determine whether the United States opposed the granting of the MSJ in violation of Local Rule D.N.M. LR-Civ. 7.1 (a) which states that a movant must determine whether a motion is opposed, and that a motion that omits recitation of a good-faith request for concurrence may be summarily denied.

Since the MSJ is Defendants' fourth motion for summary judgment, by now counsel for Defendants should know the rules of this Court. Because Defendants' counsel did not comply with D.N.M. LR-Civ. 7.1(a), the Court will summarily deny the MSJ without prejudice to Defendants refiling it, possibly in an amended form, after the close of discovery.

Discovery disputes between the United States and Defendants have been ongoing. [2] Defendants have recently appealed to the Tenth Circuit Court of Appeals the Court's ruling in the MEMORANDUM OPINION AND ORDER OVERRULING OBJECTIONS TO MAGISTRATE'S APRIL 23, 2012 ORDER [DOC. 167] - MOTION TO QUASH SUBPOENAS AND ATTORNEY CLIENT PRIVILEGE (Doc. No. 179).

The pretrial deadlines in this case have been extended more than once. In the THIRD AMENDED SCHEDULING ORDER (Doc. No. 270), Chief Magistrate Judge Karen B. Molzen extended the termination date for discovery to July 1, 2013 and the deadline for filing dispositive pretrial motions to August 16, 2013. The Court finds this schedule to be appropriate.

The court determines that for case management purposes it makes sense to have discovery completed before additional motions for summary judgment are filed. This approach will enable the parties to have a fully developed record to which they can refer in presenting additional motions. It will also conserve judicial resources in that the Court will not be confronted with a succession of motions based on an incomplete evidentiary record.

IT IS ORDERED that:

1. Plaintiff's MOTION TO STAY BRIEFING ON MOTIONS FOR SUMMARY JUDGMENT (Doc. No. 278) is granted in that motions for summary judgment are not to be filed until after the completion of discovery, the deadline for which is July 1, 2013;

---

[2] Motions to Compel were filed by either the United States or Defendants on July 27, 2011 (Doc. No. 55), December 21, 2011 (Doc. No. 86), February 17, 2012 (Doc. No. 110), March 2, 2012 (Doc. No. 129), June 11, 2012 (Doc. No. 218) and July 20, 2012 (Doc. No. 257). Motions for Protective Order were filed by either the United States or Defendants on December 22, 2011 (Doc. No. 87), March 2, 2012 (Doc. No. 132), May 9, 2012 (Doc. No. 189), June 25, 2012 (Doc. No. 233), and September 24, 2012 (Doc. No. 280).

2. Additional motions for summary judgment are to be filed after July 1, 2013 and by August 16, 2013;

3. Defendants' MOTION FOR SUMMARY JUDGMENT (Consent, *Res Judicata*, Unenforceability and vagueness [sic]) (Doc. No. 274) is denied, without prejudice.

SENIOR UNITED STATES DISTRICT JUDGE