IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THE UNITED STATES OF AMERICA,

     Plaintiff,

v.                                                          CIV 09-1201 JAP/KBM

COPAR PUMICE COMPANY, INC., et al.,

     Defendants.

**ORDER ON DEFENDANTS' MOTION FOR PROTECTIVE ORDER *(DOC. 189)***

     THIS MATTER comes before the Court on Defendants' Motion for Protective Order and Notice of Non-Appearance *(Doc. 280)*, filed September 24, 2012 and fully briefed on October 5, 2012. *See Docs. 280, 282, 284, 286.* Having reviewed the parties' submissions and the relevant law, I find that the Motion is not well-taken, and I will therefore deny the Motion.

     The parties raise two concerns in the briefing before me. First, the Government would like to take the deposition of Defendant Shirley A. Cook despite her diagnosis of "severe cognitive impairment" and her doctor's statement that she "should not and cannot be subjected to deposition or to testify in court." *See Doc. 280* at 4; *Doc. 280-5* at 1. Second, the Government would like to take the depositions of Defendants Kelly Armstrong and Richard Cook at the United States Forest Service ("USFS") offices in Albuquerque, New Mexico, while Defendants contend it would be unfair to make them travel close to 90 miles each way for these depositions. *See Doc. 280* at 3.

     **A.**    **The United States Will Be Permitted to Depose Ms. Cook.**

     Courts are generally reluctant to order that a deposition not be taken. *See* 7 J. Moore, et

al., *Moore's Federal Practice* § 30.50 (3d ed. 2012).  Cases within the Tenth Circuit

acknowledge "it is rare that a court will order that a deposition not be taken at all." *Deines v.*

*Vermeer Mfg. Co.*, 133 F.R.D. 46, 48 (D.Kan. 1990).  *Accord Simmons Foods, Inc. v. Willis*, 191

F.R.D. 625, 630 (D.Kan. 2000) ("Barring extraordinary circumstances, courts rarely will grant a

protective order which totally prohibits a deposition.").  The limited circumstances under which a

Court would properly make such an order include the combination of the following:  (1) the

notice of deposition was late in violation of Local Rules, (2) the deposition was sought in an

inconvenient location not approved under normal procedure, (3) the witness provided an affidavit

stating that he lacked personal knowledge of the subject matter involved, and (4) it was

undisputed that attending the deposition would impose "severe hardship" given the witness'

obligations as IBM's Chairman.  *See Thomas v. International Business Machines*, 48 F.3d 478,

483 (10th Cir. 1995).

A brief and conclusory statement by the witness' physician is not sufficient to prevent a

deposition.  *See Deines*, 133 F.R.D. 48 (allowing deposition despite doctor's letter stating that

witness would become "frustrated" and "anxious" if required to testify).  As the Court noted in

*Deines,* "the court may not abdicate its responsibility by unquestionably accepting a doctor's

summary opinions."  *Id.* (quoting *Medlin v. Andrew*, 113 F.R.D. 650, 653 (M.D.N.C. 1987)).

Indeed, because "good cause" is required to justify entry of a protective order, the party seeking

such an order must provide "particular and specific demonstration of fact, as distinguished from

stereotyped and conclusory statements."  *See Gulf Oil v. Bernard*, 452 U.S. 89, 102, n.16 (1981).

Defendants have simply not met their burden to show that the testimony of Ms. Cook,

who is a named Defendant in this case, is so far outside the scope of discovery as to be irrelevant.

*See, e.g., Leighr v. Beverly-Enterprises-Kansas Inc.*, 164 F.R.D. 550, 552 (D.Kan. 1996).  Nor have Defendants sufficiently shown that Ms. Cook's medical condition is such that her deposition should not be taken.  The Government will be permitted to depose Defendant Shirley Cook.

**B.     The Depositions of Ms. Armstrong and Mr. Cook Will Take Place in Albuquerque.**

"When making the determination of whether a protective order is proper, '[t]he trial court has great discretion in establishing the time and place of a deposition.'" *O'Sullivan v. Rivera*, 229 F.R.D. 187, 189 (D.N.M. 2004).  As a general rule, "[t]he party noticing the deposition usually has the right to choose the location."  7 J.Moore, et al., *Moore's Federal Practice* § 30.20[1][B][ii] (3d ed. 2012).  Defendants are correct that depositions of a corporation through its officers and/or agents normally occur at the corporation's principal place of business.  *See id.*; *see also Doc. 280* at 1.  Defendants fail to recognize, however, that Ms. Armstrong and Mr. Cook are both named defendants in this action and are therefore not deposed merely as officers or agents of Copar.  Likewise, although out-of-state defendants are commonly deposed at or near their place of residence, *see, e.g., O'Sullivan*, 229 F.R.D. at 189 (ordering deposition of defendant to occur in defendant's hometown of Pagosa Springs, Colorado), the same principal does not apply when the defendant resides within the judicial district, *see, e.g., Resource Assocs. Grant Writing and Eval. Svcs., L.L.C. v. Maberry*, Case No. CIV 08-0552 JB/LAM, 2009 WL 1311465 at * 1 (requiring owner of plaintiff corporation to travel to Albuquerque for a deposition from Farmington).

> While the Court has broad discretion over discovery, it also should not micro-manage discovery.  The discovery is taking place within the District of New Mexico, so the burden of this deposition is not extraordinary on any party.  If the deponent had to travel to New

> Mexico from another district, the Court would be on more familiar grounds. Farmington is 180 miles from Albuquerque. While the distance is not insignificant, it is not so substantial that the Court should interfere with the deposing party's choice of location. If Montgomery desires to be home every night, she may drive home. The Court's task is not to protect witnesses from every burden, but from undue burden. The Court does not believe the burden of this deposition in Albuquerque is undue.

*Id.* In this case, moreover, the Court recognizes the lengthy history of litigation between the parties and the resulting need for access to voluminous files during the course of the deposition.

*See Doc. 282* at 2-3. Along the same lines, Defendant Armstrong routinely travels to Albuquerque to attend court hearings and conferences, even when her presence is not required. I also note that Defendants Armstrong and Cook are apparently willing to travel from Espanola to Santa Fe if the depositions could be scheduled at the office of their counsel. *See Doc. 280* at 3. Under these circumstances, I cannot find that good cause exists for a protective order requiring that Defendants Armstrong and Cook be deposed in Espanola or Santa Fe. Their depositions will take place in Albuquerque.

Wherefore,

IT IS ORDERED that Defendants' Motion for Protective Order and Notice of Non-Appearance *(Doc. 280)* is **denied**.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE