# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

THE UNITED STATES OF AMERICA,

           Plaintiff,

    vs.                                    Civil Action No. 1:09-CV-01201-JAP-KBM

COPAR PUMICE COMPANY, INC.,
et al.

           Defendants.

## DEFENDANTS' MOTION FOR PROTECTIVE ORDER

Comes now the defendants, by and through their counsel of record, and for their motion for protective order, state as follows:

1.     The United States proposes to take two (2) Rule 30(b)(6) depositions of defendant Copar Pumice, for two separate days, on April 8, 2013 and at April 15, 2013 at the United States Forest Service office located in Albuquerque, N.M. Copar objects to the overbroad scope of the topics, to being deposed twice, and to having the depositions taken in Albuquerque, and so informed counsel for the United States. *See* Exhibits A and B. In addition, Copar's counsel is unavailable on those dates and informed counsel for the U.S. of this unavailability on March 29 and earlier on March 25, 2013. *See* Exhibits C and D.

2.     The first Rule 30(b)(6) notice provides topics as follows:

For the time period 2002 to the present:

1) Copar's accounting and financial systems, including, but not limited to, the manner in which information was entered into the accounting system, the manner in which information was maintained in the accounting system, and the manner in which adjustments were made to the information contained in the accounting system;
2) Copar's general ledgers, monthly management reports, business plans, annual reports, spreadsheets, accounts payable, accounts receivable,

            and any other documents or systems used to track or maintain financial information;

3) Redaction of Copar's general ledgers prior to production to the United States;

4) Financial transactions (including loans, payments, or any exchange of monies, goods or services) between Copar and any Individual Defendants or any entity owned or managed in whole or in part by any of the Individual Defendants;

5) All attempts by Copar to obtain funding from an unrelated third party, including the results of such requests and the terms of any funding obtained;

6) The preparation, review and filing of Copar's tax returns, and all information contained in those returns;

7) Document retention practices with respect to Copar's financial records.

3. The second Rule 30(b)(6) notice provides topics as follows:

For the time period 2002 to the present:

1) Copar's computer and email systems;
2) Instructions, directions, policies and practices given to trucking companies on hauling pumice from the El Cajete Pumice, including, but not limited to, where to haul, how much to haul to each location, how that decision was made, and who made it;
3) Screening and loading operations at the El Cajete Mine;

4) Processing or handling of El Cajete pumice at the Española Plant;
5) Processing or handling of El Cajete pumice at the San Ysidro Plant;
6) All representations made to and from Scott Hall and whether/when communications from Scott Hall were received by Copar.

4. Copar has already provided the testimony of President Kelly Armstrong, who is its designated officer principally in charge of all operations. The deposition lasted two days. It would be improper to use the device of a Rule 30(b)(6) deposition to retake Ms. Armstrong's deposition. Rule 1-030 D(2) limits depositions to "one day and lasting no more than seven hours." A rule 30(b)(6) notice is subject to the limitations set forth in Rule 26, which prohibit cumulative, duplicative, and burdensome discovery. *See* Rule 1-026. Copar objects to any cumulative or duplicative examination of Armstrong.

5. Under Rule 30(b)(6), "the requesting party must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute." *See E.E.O.C. v. Thorman & Wright Corp.,* 243 F.R.D. 421, 426 (D.Kan. 2007); *see also Newman v. Borders, Inc.,* 257 F.R.D. 1 (D.D.C. 2009); *Reed v. Bennett*, 193 F.R.D. 689 (D.Kan. 2000).( "An overbroad Rule 30(b)(6) notice subjects the noticed party to an impossible task.")

6. Several of the proposed topics on the first "financial" notice of deposition are plainly overbroad, include irrelevant information and fail to describe any matter "with reasonable particularity," including Topic 1 (all accounting systems and financial systems and any and all adjustments made thereto) and Topic 2 (virtually all of Copar's financial reports). These topics encompass innumerable transactions and would include thousands which would be unrelated to the dispute at issue. It would be impossible to comply with this topic. It is not apparent which particular subjects, issues, entries, adjustments, report(s) or transaction(s) are relevant or which the US is actually interested in. The U.S. should identify with <u>particularity</u> the specific relevant matters or relevant transactions upon which examination is requested. For example, in *CitiMortgage, Inc. v. Sanders*, 2012 WL 6024641 (D.Kan.), the 30(b)(6) notice was limited to the loan transaction at issue.

7. Topic 4 (financial transactions between Copar and individuals or any other business entity in which they had any connection or interest, such as all transactions with Valley National Bank, which handled all of Copar's checking accounts) and Topic 6, (pertaining to all tax returns, including all information therein) are equally overbroad and compliance is impossible. Again, it is not apparent which particular financial transactions or what particular aspect of the tax returns is relevant or which the U.S. is interested in.

3

8. Several topics on the second notice of deposition are also cumulative and improper. Topic 2 is impossible to comply with in respect to how every single individual decision was made regarding instructions given to trucking companies regarding how much to haul, how "the decision" was made, and who made "it". Topic 6 (involving "all" conversations with attorney Hall) is overbroad, seeks irrelevant privileged information not related to the dispute at issue, and is not a proper subject of a Rule 30(b)(6) deposition. The topic with respect to Mr. Hall is unlimited in scope. Ms. Armstrong was already questioned for two days <u>at length</u> concerning Hall consultations, and the topic is wholly cumulative of areas already questioned. Approximately 56 pages of the prior deposition cover this issue. *See* Exhibit E.

9. Copar also objects to being subjected to <u>multiple</u> depositions under Rule 30(b)(6) scheduled over several days. Rule 30(b)(6), limits depositions to <u>one</u> day and no more than <u>seven</u> hours, and that limitation should be enforced here. Rule 30(b)(6) is also subject to Rule 30(a)(2)(A)(ii), which requires leave of the court to re-depose an already-deposed deponent. *Blackwell v. City & County of San Francisco*, 2010 WL 2608330 (N.D. Cal.) (disallowing second 30(b)(6) deposition); *Walker v. State Farm Mut. Auto Ins. Co.*, 2012 WL 1155140 (S.D. W.Va.) (disallowing second 30(b)(6) deposition). The court in *State Farm Mutual Auto Ins. Co. v. New Horizont, Inc.* stated as follows:

> The policy against permitting a second deposition of an already-deposed deponent is equally applicable to depositions of individuals and organizations. Taking serial depositions of a single corporation may be as costly and burdensome, if not more so, as serial depositions of an individual. In both cases, each new deposition requires the deponent to spend time preparing for the deposition, traveling to the deposition, and providing testimony. In addition, allowing for serial depositions, whether of an individual or organization, provides the deposing party with an unfair strategic advantage, offering it multiple bites at the apple, each time with better information than the last.

4

The U.S. is, in effect, seeking to avoid the intent of the Rule 30(a)(2)(A) limitation and take multiple depositions of Copar under the guise of Rule 30(b)(6).

10.     With respect to the location of the depositions, Fed. R. Civ. P. 30 requires the parties to confer in good faith concerning the location of a deposition.  A deposition of a corporate officer, designated agent or party under Rule 30(b)(6) is usually taken at the corporation's principle place of business – which in this case would be Española.  The general rule is that "an initial presumption exists that a defendant should be examined at his residence or principal place of business." *Ice Corp. v. Hamilton Sundstrand Corp.*, 2007 WL 1500311, *4 (D.Kan.); *see also Valencia v. Colorado Cas. Ins. Co.*, 2007 WL 5685360, (D.N.M.), *Payne v. McKune*, 2007 WL 3036190 (D.Kan.) (in general, depositions of corporate executives and officers are to be taken at the principal place of business of the corporation).

11.     It would be unfair to Copar to make Armstrong and other representatives travel substantial distances to depositions in Albuquerque, when there is a perfectly acceptable Forest Service Office located in Española.  The unnecessary travel imposes an unfair and repeated travel burden of close to 90 miles each way and inconvenience upon Copar and its designee.  It also provides the US with an unfair advantage.  Ms. Armstrong is a business woman and has small businesses to run and operate, as well as multiple obligations in Española.

12.     The USFS, on the other hand, has regular offices in Española and the parties have previously had depositions there.  The USFS does business in Española within the meaning of the Rules of Civil Procedure.  Therefore, Española is a perfectly suitable location for the depositions because both parties do business there and it is convenient.

13.     Counsel has conferred with counsel for the U.S., and some progress was made with respect to the topics, but they remain overbroad and require clarification as stated above.

## CONCLUSION

For the foregoing reasons, defendant Copar moves for a protective order which requires the U.S. to be limited to a single deposition, which delimits the scope of topic nos. 2, 3, 4 and 6 on the first notice and topics 2 and 6 on the second notice, and allows Copar to be deposed in Española. Defendants previously gave their notice of non-appearance for proposed depositions at the Forest Service Office in Albuquerque on April 8 and 15, 2013, based upon this dispute and counsel's unavailability, prior notice of which was given to the U.S., pending resolution of this dispute.

> COMEAU, MALDEGEN, TEMPLEMAN
>   & INDALL, LLP
>
> By   s/ Electronically Submitted
>   Joseph E. Manges
>   P.O. Box 669
>   Santa Fe, New Mexico 87504-0669
>   505/982-4611
>   jmanges@cmtisantafe.com
>   Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2013, a true and correct copy of the foregoing Defendants Motion For Protective Order was served electronically by the Clerk on counsel of record.

> s/
> Joseph E. Manges

K:\COOK-COPAR PUMICE_1012-10\Pleadings\USDC 09-1201\Motion for Protective Order 4-4-13.doc