IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                CIV 09-1201 JAP/KBM

COPAR PUMICE COMPANY, INC., et al.,

        Defendants.

**ORDER ON MOTION FOR PROTECTIVE ORDER**

THIS MATTER is before the Court on Defendants' Motion for Protective Order regarding Rule 30(b)(6) Depositions *(Doc. 316)*.  After the individual Defendants' depositions had been taken, the United States served notices of Rule 30(b)(6) depositions as to Defendant Copar.  Insofar as Defendants contend that the United States is not entitled to a second deposition of Kelly Armstrong, they would be correct if that deposition was taken of her in the capacity as an individual defendant.  Now, however, she has been designated by the defendant corporation to speak on its behalf pursuant to Rule 30(b)(6).

The depositions were broken into specific topics which the United States has modified in amended notices of depositions in response to Defendants' concerns.  *See Doc. 321* at 2.  Defendants informed the United States that Copar would produce for Rule 30(b)(6) questioning:  (1) Kelly Armstrong to testify regarding the financial topics, Copar's computer and e-mail systems, and communications with Copar's attorney Scott

Hall, and (2) Ruben Velasco to testify regarding mining and processing operations. Nevertheless, Defendants filed this motion for protective order, specifically requesting "the U.S. to be limited to a single deposition, which delimits the scope of topic nos. 2, 3, 4 and 6 on the first notice and topics 2 and 6 on the second notice, and allows Copar to be deposed in Española." *See Doc. 316* at 6.

Having reviewed the brief of the parties, the motion will be granted in part and denied in part as set forth herein.

## Current Issues of Dispute

**Length of the Depositions**

The United States contends, and I agree, that the "presumptive durational limitation of one day of seven hours for any deposition" applies to "each person designated under Rule 30(b)(6)." Each person designated under Rule 30(b)(6) is "considered a separate deposition" subject to the duration limit. Fed. R. Civ. P. 30, 2000 Amendment Comments, Subdivision (d). If Copar offers more than one Rule 30(b)(6) witness, the duration limit of one day of seven hours applies to each witness so designated.

**Location of the Depositions**

Plaintiff has failed to persuade me that it should not be subject to the general rule that the deposition of a corporate employee or officer be taken at the corporation's principal place of business, in this case Española. *See Gulfstream Worldwide Realty, Inc. v. Philips Electronics N.A. Corp.*, 2007 WL 5704041 at *4 (D.N.M. 2007). It does appear, however, that the parties have agreed on Santa Fe as the location of the deposition of Ruben Velasco regarding mining and processing operations.

2

**Alleged Overly Broad Topics**

  The United States first contends that the topics to be covered in the Rule 30(b)(6) depositions are sufficiently specific and a proper subject of discovery. The Court agrees that the topics as set forth in the amended notices and otherwise limited by the agreement of the United States during attempts to resolve this discovery dispute to be reasonable under the circumstances. Insofar as testimony is sought on the topic of communications with Copar's former attorney, Scott Hall, those inquiries will be subject to the temporal and subject matter scope limitations previously imposed in discovery rulings. *See Doc. 321* at 5-6 (Defendants' Reply noting past limitations imposed by the Court).

  Evidently the second notice of deposition contains two topics – Copar's computer and email systems and communications with Scott Hall – unrelated to the topics for which it has designated Mr. Velasco to testify. The Court finds that those topics shall be addressed in Ms. Armstrong's deposition and fall within the 7-hour maximum duration of that deposition.

  **IT IS SO ORDERED.**

_____
UNITED STATES CHIEF MAGISTRATE JUDGE