IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                         CIV 09-1201 JAP/KBM

COPAR PUMICE COMPANY, INC., et al.,

        Defendants.

### ORDER ON DEFENDANTS' MOTION TO QUASH (Doc. 343) and PLAINTIFF'S MOTION TO COMPEL(Doc. 378)

THIS MATTER is before the Court on Defendants' Motion to Quash Non-Party Subpoenas or for Protective Order *(Doc. 343)* and Plaintiff's related Motion to Compel Disclosure of Information Used to Prepare Tax Returns in Response to Third-Party Accountant Subpoenas *(Doc. 378)*. Just yesterday, Attorney Travis Jackson of the law firm Foster, Rieder & Jackson, PC, filed yet another related motion entitled "Motion for Entry of Confidentiality Order" *(Doc. 417)*. The Court has reviewed the motions, briefs, and exhibits that have been submitted, and given due consideration to the arguments of the parties. Although Plaintiff has not had the opportunity to respond to the most recent motion, the Court finds the issues and arguments sufficiently developed for a decision on all three interrelated motions.

The Court previously ruled that Defendants' tax returns are relevant and ordered their production pursuant to a "Stipulated Protective Order" *(Doc. 156)* and that ruling was upheld by Judge Parker. *See Doc. 222.* Judge Parker recently allowed the filing of

a Second Amended Complaint *(Doc. 367)* that contains new conspiracy allegations[1]

supporting joint and several liability as to Defendants' "Affiliated Entities."  Plaintiff

persuasively argues that the accounting information pertaining to the Affiliated Entities

now sought from five subpoenas to the Defendants' accountants is equally relevant and

must be disclosed.  *See Doc. 378.*  I am unconvinced that the information sought is

unduly burdensome as argued by Defendants. The United States requests, and should

receive, an order pursuant to 26 U.S.C. § 6713(b) and § 7216(b1)(1)(B) to the extent

the subpoena requires Defendants' third-party accountants to produce "information

furnished to him for, or in connection with, the preparation of any return" for which the

producing accountant could be subject to civil and criminal penalties in the absence of a

court order requiring such production.  *See id.*

The essence of the present dispute is the "scope of use" of the produced

information and the parties have submitted dueling proposed confidentiality orders to

govern the production.  Defendants ask that the "Court enter a global confidentiality

order to address current and future confidentiality concerns relating to discovery from

and/or about non-parties."  *Doc. 417* at 1.  Their proposed "global" order significantly

restricts disclosure beyond the Court's previously entered confidentiality order.

*Compare* Doc.417 *with* Doc. 156.  The "global" order also inserts a new requirement of

either return or the destruction of information produced pursuant to the order at the

conclusion of this case.  I am greatly concerned that allowing production of information

---

[1]  "Upon information and belief, Defendants conspired and engaged in a common
undertaking and joint enterprise for their mutual benefit having the common purpose to
unlawfully mine and remove pumice from the El Cajete mine. Defendants carried out their
unlawful conduct personally, through their agents and through their Affiliated Entities."
*Doc. 367* at ¶ 72.

under an order with vastly different obligations of confidentiality than that previously permitted in this case could create significant confusion both now and in the future.

The Plaintiff submits its proposed confidentiality order and asserts that it is the same as that previously entered but with "corrections" and "clarifications" of certain issues that do "not materially alter" the Stipulated Protective Order that governed the Defendants' tax returns.  *See Doc. 413* at 4-5.  The previously entered Order provided "nothing in this Order shall be construed to prohibit the use of the documents by the <u>Forest Service</u> in the regular course of business."  *Doc. 156* at ¶ 4.  The alleged new and improved version offered by Plaintiff substitutes "*United States*" for the "*Forest Service.*"  Thus, as Defendants point out, every federal employee would be able to use the documents in unidentified types of proceedings if the use of the documents fell within the regular course of business of the employing agency. Such an expansion of a "confidentiality" order was not previously contemplated by the Court or the parties and would raise the same concerns for confusion if entered.

The Court remains convinced that the "Stipulated Protective Order" previously used for the production of Defendants' individual tax returns should also be used for the protection of information produced pursuant to the subpoenas to the third-party accountants.  If there are modifications to that Order upon which the parties agree, *see Doc. 413*, n.4, they should be incorporated into the form of order to be submitted to my proposed text email box no later than Friday, September 13, 2013.  The subpoenaed third-party accountants are directed to provide the information requested by the subpoenas within five working days of the entry of the confidentiality order.

Wherefore,

**IT IS HEREBY ORDERED** that Defendants' Motion to Quash Non-Party Subpoenas or for Protective Order *(Doc. 343)*, Plaintiff's related Motion to Compel Disclosure of Information Used to Prepare Tax Returns in Response to Third-Party Accountant Subpoenas *(Doc. 378)*, and the Motion for Entry of Confidentiality Order *(Doc. 417)* filed by Attorney Travis Jackson of the law firm Foster, Rieder & Jackson, PC,[2] are **granted in part and denied in part as set forth above.**

_____
UNITED STATES CHIEF MAGISTRATE JUDGE

---

[2] Although Foster, Rieder & Jackson, P.C. entered its appearance on July 23, 2013 on behalf of Richard P. Cook, Shirley A. Cook, and Debbie Cantrup *(Doc. 355),* Judge Parker has not yet ruled on those Defendants' <u>opposed</u> motion for Mr. Manges to withdraw from representing them and substitute Foster, Rieder & Jackson, P.C. in his place. *Doc. 368.* According to the motion, Counsel for the United States "refused to consider the request for concurrence unless defendants disclosed 'why this change of counsel is being sought, and why at this late date in the litigation.'" *Id. (quoting* 7/31/13 email from A. Smith to T. Jackson).