IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                Civ. No.  09-1201 JP/KBM

COPAR PUMICE COMPANY, INC.,
KELLY ARMSTRONG, RICHARD P. COOK,
SHIRLEY A. COOK, and DEBBIE CANTRUP,

      Defendants.

MEMORANDUM OPINION AND ORDER

THE UNITED STATES' MOTION TO LIMIT SUMMARY JUDGMENT BRIEFING

AND TO DENY DEFENDANT COPAR'S CURRENTLY-PENDING MOTION FOR

SUMMARY JUDGMENT WITHOUT PREJUDICE (Doc. No. 366) (Motion) asks that the

Court limit summary judgment briefing to one joint summary judgment motion for all five

Defendants and one summary judgment motion for Plaintiff United States of America (United

States).  (Motion at 1.)  The United States also requests that the Court deny without prejudice

Defendant Copar Pumice Company, Inc.'s ("Copar") pending motion for summary judgment

(Doc. No. 357) so that all Defendants can present their arguments in one comprehensive

summary judgment motion.  (Motion at 8.)  The United States contends that Defendants should

be required to re-file a single, joint motion on behalf of all Defendants for purposes of saving

judicial resources, reducing litigation costs, and expediting the resolution of this case that has

been ongoing for almost four years.

Defendants filed two responses in opposition to the Motion.  On August 21, 2013, Copar

and Defendant Kelly Armstrong (Armstrong) filed COPAR'S RESPONSE TO THE UNITED

STATES' MOTION TO LIMIT SUMMARY JUDGMENT BRIEFING AND TO DENY

DEFENDANT COPAR'S CURRENTLY-PENDING MOTION FOR SUMMARY [sic]

JUDGMENT WITHOUT PREJUDICE [ECF NO. 366] (Doc. No. 386) (Copar's Response).  On

the same day, Defendants Richard P. Cook (Richard Cook), Shirley A. Cook (S. Cook), and

Debbie Cantrup (Cantrup), through separate counsel,[1] filed RESPONSE IN OPPOSITION TO

MOTION TO LIMIT DEFENDANTS' SUMMARY JUDGMENT BRIEFING (Doc. No. 387)

(Individual Defendants' Response).  In Copar's Response, Defendants argue that each Defendant

possesses "separate and unique factual and legal defenses which merit individual responses of

the U.S. and separate consideration by the Court."  (Copar's Response at 1; *see* Individual

Defendants' Response at 3.)  In the Individual Defendants' Response, they assert that "each

Defendant has a right to independently defend against the serious and substantial allegations

made by the United States."  (Individual Defendants' Response at 1.)  All Defendants dispute the

United States' position that they have engaged in tactics of filing serial, piecemeal motions for

summary judgment rather than presenting all of their legal defenses and arguments in a

comprehensive summary judgment motion.

_____

[1]Attorney Joseph E. Manges (Mr. Manges) represented all five Defendants since early
2010.  (Doc. No. 10.)  However, on July 31, 2013, Richard Cook, S. Cook, and Cantrup filed a
MOTION FOR WITHDRAWAL AND SUBSTITUTION OF COUNSEL (motion to withdraw),
seeking to permit the withdrawal of Mr. Manges and the substitution of Foster, Rieder, &
Jackson, P.C. (Foster Law Firm)  (Doc. No. 368.)  That motion is not yet fully briefed.  If
granted, Mr. Manges would continue to represent Copar and Armstrong, and the Foster Law
Firm would be counsel for Richard Cook, S. Cook, and Cantrup.  Although the Court has yet to
rule on the motion to withdraw, on July 23, 2013, the Foster Law Firm entered its appearance on
behalf of the three individual defendants.  (Doc. No. 355.)  In addition, the Foster Law Firm filed
a separate response in opposition to this Motion on behalf of Richard Cook, S. Cook, and
Cantrup, along with other motions.  The Court's consideration of the Foster Law Firm's response
(Doc. No. 387) does not constitute a ruling on the motion to withdraw as the Court will rule
separately on that motion.  Both responses to the Motion (Doc. Nos. 386, 387) set out
substantially similar arguments.

THE UNITED STATES' REPLY IN SUPPORT OF ITS MOTION TO LIMIT SUMMARY JUDGMENT BRIEFING AND TO DENY DEFENDANTS' PENDING MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE (Doc. No. 401) (Reply) argues that Defendants' "piecemeal summary judgment briefing substantially slows resolution of this case; all Defendants share common interests, with the same legal and factual issues pertinent to all of their claims; and they are not prejudiced by being required to file one joint brief."  (Reply at 1-2.)

The Court will grant the United States' Motion and deny Copar's pending motion for summary judgment without prejudice (Doc. No. 357).  Accordingly, all Defendants may file a single, joint summary judgment motion by November 26, 2013, the substantive motion filing deadline.  (Doc. No. 340.)  The Court reminds the parties that the January 7, 2014 trial is a firm setting.

## I.      Background Relevant to the Motion

The Court has outlined the factual background in previous opinions and summarizes only what is necessary. On December 23, 2009, the United States brought this action to recover damages against Copar, and its owners and operators, Richard Cook, S. Cook, Armstrong, and Cantrup (individual defendants) for trespass and conversion stemming from Defendants' allegedly illegal operation of El Cajete Mine, a pumice mine located in the Jemez Ranger District of the Santa Fe National Forest.  Copar is owned by Richard Cook's three daughters: Cantrup, Armstrong, and Katherine Fishman.  Richard Cook was at one time Copar's president, but Armstrong is currently the president of Copar.

The United States alleges that Copar, which was operated without regard to its corporate form by the individual defendants, illegally extracted, processed, and sold pumice for common

3

variety purposes from April 3, 2006 to the time El Cajete Mine was closed.  According to the United States, Copar was only authorized by law and by agreement to extract, process, and sell "locatable" pumice that was larger than 3/4" in diameter, and the pumice must have been extracted, processed, and sold to the stonewash laundry industry.

On July 30, 2013, the Court allowed the United States to file a Second Amended Complaint to add three additional theories of liability and a claim for punitive damages, which the United States asserted were supported by evidence acquired during discovery.  (Doc. No. 364.)  In permitting the Second Amended Complaint, the Court observed:

> The new allegations in the Second Amended Complaint do not "change the basic theory, or rely on different underlying facts." All of the new allegations arise out of the same conduct that was the basis for the Amended Complaint, and the Second Amended Complaint merely adds three new theories under which the Individual Defendants may be held liable jointly with Copar for trespass, conversion, and/or unjust enrichment.

(*Id.* at 11) (internal citation omitted).

Mr. Manges has represented all Defendants since the inception of this litigation.  For example, over the almost-four years this case has proceeded, Mr. Manges has filed one motion to dismiss, four motions for summary judgment, and six sets of Answers on behalf of Defendants. (Doc. Nos. 14-16 [three separate answers for Copar, Armstrong and the three individual defendants], 18 [motion to dismiss for all five defendants converted to motion for summary judgment], 32-34 [amended answers for same sets of defendants], 78 [motion for summary judgment by Richard Cook, S. Cook, and Cantrup], 201 [all Defendants' summary judgment motion], 274 [all Defendants' summary judgment motion], 357 [Copar's pending summary

judgment motion].)[2]  Most of Defendants' potentially dispositive motions have been

unsuccessful.  (*See* Doc. No. 285) (summarizing Court's rulings on Defendants' motions along

with procedural history).  In addition, the Tenth Circuit Court of Appeals dismissed for lack of

jurisdiction Defendants' interlocutory appeal of adverse discovery rulings. (Doc. No. 344.)

## II.  Pertinent Legal Standard

Rule 56 provides that a party may move for summary judgment, "identifying each claim

or defense – or the part of each claim or defense – on which summary judgment is sought."  Fed.

R. Civ. P. 56(a).  The Rule's advisory committee notes clarify that "summary judgment may be

requested not only as to an entire case but also as to a claim, defense, or part of a claim or

defense."  Rule 56(a) advisory committee notes (2010 Amendments).  Thus, the Rule

contemplates filing motions for partial summary judgment, but does not specifically address the

number of motions for summary judgment a party may file or whether the Court can limit how

many motions for summary judgment a party may file.

However, courts have inherent power "to manage their own affairs so as to achieve the

orderly and expeditious disposition of cases."  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43

(citation omitted), *reh'g denied*, 501 U.S. 1269 (1991).  "It is well established that federal

district courts possess the power to administer their dockets in a manner that conserves scarce

judicial resources and promotes the efficient and comprehensive disposition of cases."  *Hartsel*

*Springs Ranch of Colo., Inc. v. Bluegreen Corp.*, 296 F.3d 982, 985 (10th Cir. 2002) (citation

omitted).  *See also Clark v. State Farm Mut. Auto. Ins. Co.*, 590 F.3d 1134, 1140-41 (10th Cir.

---

[2]On September 4, 2013, Copar and Armstrong filed separate Answers to the Second
Amended Complaint. (Doc. Nos. 408, 409.)  Also on September 4, 2013, Richard Cook, S.
Cook, and Cantrup, through the Foster Law Firm, filed individual Answers to the Second
Amended Complaint. (Doc. Nos. 410, 411, 412.)

2009) (district courts generally have broad discretion to manage their dockets) (citations and quotation marks omitted); *United States v. Nicholson*, 983 F.2d 983, 988 (10th Cir. 1993) ("District courts generally are afforded great discretion regarding trial procedure applications (including control of the docket and parties) . . . .").

The Court concludes that a decision to limit successive summary judgment motions and briefing falls within its sound discretion to manage its docket and secure the efficient resolution of this proceeding.  *See, e.g., Sira v. Morton*, 380 F.3d 57, 68 (2d Cir. 2004) ("[D]istrict courts enjoy considerable discretion in entertaining successive dispositive motions.").  In *Doherty v. Portland Cmty. Coll.*, No. CV-99-1375, 2000 WL 33200560, at *3 (D. Or. Nov. 15, 2000) (unpublished), the district court declined to allow the plaintiff to file a second summary judgment motion, noting that such a determination, "particularly regarding questions of the timing and sequence of motions in the district court, best lies at the district court's discretion." (citation omitted).  The trial court further observed:

> Much of the value of summary judgment procedure in the cases for which it is appropriate ... would be dissipated if a party were free to rely on one theory in an attempt to defeat a motion for summary judgment and then, should that theory prove unsound, come back long thereafter and fight on the basis of some other theory.

*Id.* (citation omitted).

Although the Tenth Circuit Court of Appeals has not directly spoken on the question of successive and multiple motions for summary judgment, other federal courts have noted problems with piecemeal consideration of successive motions for summary judgment.  In *Cole v. Convergys Customer Mgt. Group, Inc.*, 2013 WL 1446556, at *1 (D. Kan. Apr. 9, 2013) (unpublished), the district court commented on the defendant's "highly irregular motion practice"

that included already filing two separate motions for summary judgment and the intention to file

a third motion.  The trial court explained:

> A party should ordinarily submit only one motion for summary judgment which contains all arguments and evidence in support of a judgment in favor of the moving party, so as to avoid a piece-meal approach to a multiple claim suit.  As this Court has previously noted, filing summary judgment motions seriatim on one's own initiative not only makes "the court's task of shuffling paperwork more complex," but also permits "any number of permutations of the page-limitation rule, all of which would be sure to be exploited by creative counsel more frequently than desired by the court or warranted by the circumstances."

*Id.* (citations omitted).  In *Cole*, the court elected to consider the defendant's second summary

judgment motion, but it noted "the potential to unduly burden and vex opposing parties" and that

the court would be well within its discretion not to consider the second motion.  *Id.  See also*

*Allstate Fin. Corp. v. Zimmerman*, 296 F.2d 797, 799 (5th Cir. 1961) (generally disapproving

successive summary judgment motions); *Spengler v. Worthington Cylinders*, 514 F. Supp. 2d

1011, 1021 (S.D. Ohio 2007) ("Parties are generally expected to set forth all their arguments in

support of summary judgment in a single dispositive motion; piecemeal litigation at the

summary-judgment stage is disfavored."); *Barnes v. Dist. of Columbia*, 278 F.R.D. 14, 17-18

(D.D.C. 2011) (court declined to entertain additional summary judgment motions in class action,

reasoning in part that the parties already filed voluminous potentially dispositive motions and

exhibits, and that to allow further summary judgment motions would protract an already

protracted litigation.).

    In *Robinson v. Denver Art Museum*, 2012 WL 934208, at *1 (D. Colo. Mar. 20, 2012)

(unpublished), the district court found that it could, in its discretion, allow a party to file a

successive motion for summary judgment, "particularly if good reasons exist."  However, it

added that the Tenth Circuit Court of Appeals cautioned it is not the "usual practice to give litigants the proverbial second bite at the apple." *Id.* (*citing Pippin v. Burlington Res. Oil and Gas Co.*, 440 F.3d 1186, 1199 (10th Cir. 2006)).  The trial court, in *Robinson*, further identified grounds to permit successive summary judgment motions, including "an intervening change in the applicable law," expansion of the factual record on which summary judgment is sought, and the need to correct a clear error or prevent manifest injustice.  *Id.* (citations omitted).

### III.    Discussion

The Court's MEMORANDUM OPINION AND ORDER GRANTING MOTION TO STAY BRIEFING ON MOTIONS FOR SUMMARY JUDGMENT, filed October 4, 2012, summarized the rulings on Defendants' series of mostly unsuccessful motions for summary judgment. (Doc. No. 285 at 2-3.)  In the October 4 decision, the Court noted that pretrial deadlines already were extended more than once.  Indeed, there is a Fourth Amended Scheduling Order, extending the close of discovery until October 1, 2013.  (Doc. No. 340.)  The Court determined that it made sense to complete discovery before allowing the parties to file additional summary judgment motions. "This approach will enable the parties to have a fully developed record to which they can refer in presenting additional motions.  It will also conserve judicial resources in that the Court will not be confronted with a succession of motions based on an incomplete evidentiary record."  (*Id.* at 4.)  Thus, the Court already indicated that it did not approve of a series of successive motions and further emphasized the importance of conserving judicial resources.

The Court determines, in its sound discretion, that limiting the number of summary judgment motions Defendants may file is appropriate.  The Court concludes that this decision will assist in securing "the just, speedy, and inexpensive determination" of this proceeding.  *See*

Fed. R. Civ. P. 1.  In addition, the ruling will reduce complexity and confusion, as well as avoid "permutations of the page-limitation rule."  *See Cole*, 2013 WL 1446556, at *1.

Defendants already have filed four summary judgment motions over the almost-four years this case has been proceeding.  Defendant Copar has pending a fifth summary judgment motion, and the individual defendants intend to file, at a minimum, a sixth summary judgment motion.  In addition, the individual defendants argue that they "should have and request the ability to file additional dispositive motion(s) if there are good grounds . . . ."  (Doc. No. 387 at 8.)  Thus, clearly, Defendants envision filing multiple, successive summary judgment motions. They further contend that a conflict exists between the previous extensions of deadlines and the January 6, 2014 trial setting, implying that the trial date will need to be moved.  (*Id.*)  An additional series of multiple summary judgment motions would force the Court to move the trial setting.  The Court declines to change the trial date and finds no basis, at this time, to do so.

Moreover, the Court's ruling will preclude Defendants from raising issues that the Court already resolved in its early summary judgment decisions and will streamline the litigation.  This determination will reduce any attempt to take a "proverbial second bite at the apple[,]" *see Pippin,* 440 F.3d at 1199, as a result of prior adverse rulings.  The Court already will be deciding extensive cross-motions for summary judgment.  However, if the parties are permitted to file additional, successive summary judgment motions as threatened (Doc. No. 387, at 8), the Court will be inundated with multiple motions, response briefs, replies, declarations, and exhibits.  The Court will not permit this type of motion filing practice at this late date of the litigation where it has already decided four summary judgment motions.

The Court's decision intends to avoid additional protracted litigation in this lawsuit.  This is an old case and needs to be tried as scheduled, beginning January 6, 2014.  If the Court were

to permit additional successive summary judgment motions, there is no end in sight.  In that event, not only would justice be delayed, it would be denied.  *See McCabe v. Bailey*, 05-CV-73, 2008 WL 1818527, at *3 (N.D. Iowa Apr. 4, 2008) (unpublished) (noting that case was old and needed to be tried, as scheduled; otherwise, "[n]ot only is justice delayed[,] justice [is] denied . . . .").

This ruling also reduces costs to the parties and preserves judicial resources.  It prevents repetitive or overlapping motions and arguments and forestalls potential abuse of motion filing practice.  *See, e.g., McCabe*, 2008 WL 1818527, at *1 (court enforced "one-summary-judgment-motion-per-party" rule to conserve judicial resources and prevent repetitive motion practice).  It requires the parties to supply concise, non-repetitive arguments.  Ultimately, the decision expedites resolution of this longstanding case.

The Court considered Defendants' position that each individual Defendant has separate and unique factual and legal defenses that warrant "individual responses" and "separate consideration" by the Court. (Doc. No. 386 at 1.)  However, requiring a joint, single summary judgment motion does not prevent individual Defendants from raising "separate and unique" facts and defenses.   Moreover, the Court observes that these five Defendants previously have filed a number of joint motions.  They have been represented by a single attorney for over three and half years (before filing the recent motion to withdraw).  All five Defendants have brought two cases in the Court of Federal Claims challenging the Forest Service actions regarding their mining claims.  (*See* Doc. No. 247; Doc. No. 366, Ex. C.)

Defendants speculate that resolution of separate, multiple motions for summary judgment could substantially limit the remaining issues for trial and could result in the dismissal of all or part of the United States' claims.  (Doc. No. 386 at 3, 4.)  Defendants' speculation is not

persuasive and does not compel a different ruling.  Nor is the Court convinced by Defendants'
argument that requiring a single motion "would implicitly support the U.S.' latest joint enterprise
and conspiracy theories against them."  (*Id.* at 6.)  Even if there were such "implicit support," the
Court will decide the elements of the claims as asserted against the various Defendants based on
the evidence.

Defendants also contend that the Second Amended Complaint that raises conspiracy,
joint enterprise and alter-ego theories of liability, along with a punitive damage claim, against
the individual defendants, "creates potential conflicts of interest between the individual
defendants, which require separate representation as well as separate motion practice."  (*Id.* at 8.)
In the motion to withdraw, Defendants did not articulate this as a reason for their request to
withdraw and substitute counsel.  (Doc. No. 368.)  Notwithstanding this new argument
apparently in support of Defendants' motion to withdraw, the Court remains convinced that
Defendants can raise all of their arguments and defenses in a joint motion for summary
judgment.[3]  Defendants' recent argument concerning a "potential" conflict of interest does not
persuade the Court otherwise.

The Individual Defendants' Response, similar to Copar's Response, asserts that the
Second Amended Complaint expanded claims against the individual defendants and that the
United States' Motion disregards "the fact that these Defendants retained separate counsel . . . ."
(Doc. No. 387 at 5.)  First, the Court has not decided the motion to withdraw and whether the
individual defendants will proceed with separate counsel.  Second, the Court clarified above and

---

[3]The Individual Defendants' Response argues that they have a constitutional right to be
heard by counsel of their choice and that a party's right to select its own counsel is an "important
public right."  (Doc. No. 387 at 4-5.)  The Court will address any such arguments in a separate
decision on the motion to withdraw.

in its decision allowing amendment that the Second Amended Complaint did "not change the basic theory, or rely on different underlying facts."  (Doc. No. 364 at 11.)  The Court, therefore, rejects this argument.

In sum, the Court determines that "good reasons" do not exist to allow Defendants to file separate and successive motions for summary judgment.  Defendants did not identify "an intervening change in the applicable law," expansion of the factual record on which summary judgment is sought, or the need to correct a clear error or prevent manifest injustice as reasons to permit multiple, separate summary judgment motions.  *See Robinson*, 2012 WL 934208, a *1 (setting out grounds for permitting successive summary judgment motions).

Moreover, the Court finds ample reasons, as discussed above, to grant the Motion and limit summary judgment briefing.  Therefore, the Court will deny, without prejudice, Copar's pending motion for summary judgment and will limit summary judgment briefing to a single, joint summary judgment motion to be filed by all Defendants and a single summary judgment motion to be filed by the United States.  The cross-motions each will be supported by a single legal memorandum, single statement of material facts, and single set of exhibits in accordance with this District's local rules.

IT IS ORDERED that THE UNITED STATES' MOTION TO LIMIT SUMMARY JUDGMENT BRIEFING AND TO DENY DEFENDANT COPAR'S CURRENTLY-PENDING MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE (Doc. No. 366) is granted.

IT IS FURTHER ORDERED that Copar's MOTION FOR SUMMARY JUDGMENT (Doc. No. 357) is denied without prejudice to Defendants filing a single joint summary judgment motion.

_____

SENIOR UNITED STATES DISTRICT JUDGE

13